**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/11/15

**DORIAN E. RAMIREZ, CLERK**
**BY** drodriguez

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

12/11/2015 10:13:04 PM

DORIAN E. RAMIREZ
Clerk

# Exhibit A

| | | |
|---|---|---|
| JUAN JOSE "J.J." ZAMORA AND | § | IN THE DISTRICT COURT |
| MARTIN C. CANTU, | § | |
| Plaintiffs | § | |
| VS. | § | |
| CITY OF PORT ISABEL, TEXAS, | § | 444TH JUDICIAL DISTRICT |
| MARIA DE JESUS GARZA, | § | |
| GUILLERMO TORRES, AND JOE E. | § | |
| VEGA | § | |
| Defendants | § | |
| | § | OF CAMERON COUNTY, TEXAS |

## MOTION TO SHOW AUTHORITY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** HUMBERTO SILVA, Movant and attorney for Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, and file this Motion to Show Authority complaining of ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS, alleged attorneys for Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, and show the Honorable Court the following:

I.

### BACKGROUND

On April 13, 2015, the City Commission of the City of Port Isabel passed a resolution to declare that Plaintiffs Juan Jose "J.J." Zamora and Martin C. Cantu, both City Commissioners, were ineligible, due to alleged violations of the city's Home Rule Charter, to continue serving on the City Commission of the City of Port Isabel. However, the City Commission did not take any action at that meeting to declare a vacancy on the City Commission nor to fill any purported vacancy by appointment. Furthermore, the City Commission did not take any action to call a

special election to fill any purported vacancies.

Several days after the April 13, 2015 meeting of the City Commission, Plaintiffs Juan Jose "J.J." Zamora and Martin C. Cantu, both City Commissioners, filed a lawsuit seeking declaratory relief and a temporary restraining order to restrain the City of Port Isabel City Commission and Defendants Joe E. Vega, Maria De Jesus Garza, and Guillermo Torres from interfering with the performance of their duties as City Commissioners. After hearing the request for the temporary restraining order, this honorable Court granted Plaintiffs a temporary injunction that enjoined the City of Port Isabel, Defendants Joe E. Vega, Maria De Jesus Garza, Guillermo Torres, and the City Commission, from interfering with the performance of Plaintiffs' duties as City Commissioners, and from taking any action to declare any vacancies, or fill any purported vacancies, by appointment or otherwise. Plaintiffs have continued to perform their duties as City commissioners of the City of Port Isabel pursuant to their constitutional rights as elected officials.

Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, have appealed to the 13th Court of Appeals this Court's ruling denying their Plea to the Jurisdiction, and filed a Motion for Emergency Relief to prevent the City Commission of the City of Port Isabel from meeting on May 19, 2015. Said Motion for Emergency Relief was denied by the 13th Court of Appeals on May 19, 2015.

II.

Movant would show this Court that ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS do not have authority to act in this matter. Specifically, Movant would show that the legal services of ROBERT L. COLLINS, AUDREY GUTHRIE, and

CHRISTOPHER D. LEWIS for Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, were terminated on May 19, 2015 at a duly called Special Meeting of the City Commission of the City of Port Isabel, Texas. A copy of the approved minutes of the May 19th, 2015, City commission meeting are attached herein as Exhibit A, and are incorporated herein as if fully set out in length. Furthermore, on June 1, 2015, the legal services of attorney HUMBERTO SILVA, Movant herein, were approved at a duly called Special meeting of the City Commission of the City of Port Isabel. Movant was employed by the City Commission to represent Defendant City of Port Isabel and its City Commissioners, particularly, MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, all in their official capacities, in this cause and any appeals filed on their behalf. A copy of the approved minutes of the June 1, 2015 Special meeting of the City commission of the City of Port Isabel, Texas are attached herein as exhibit B and are incorporated herein as if fully set out in length.

III.

Based upon these facts, Movant believes that ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS are defending and/or prosecuting this suit without the authority of Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities. ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS should be cited to appear before this court and show authority to act on behalf of Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities.

Should ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS fail to show sufficient authority to defend and/or prosecute this suit on behalf of Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, then ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS should be prohibited from further appearing in this case and any pleadings, motions and appeals filed by ROBERT L COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS since May 19, 2015 on behalf of CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, should be stricken.

IV.

The parties in this action have not announced ready for trial. Therefore, this motion has been timely filed by Movant and Defendants.

**WHEREFORE, PREMISES CONSIDERED,** HUMBERTO SILVA, as Movant and attorney for Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, respectfully prays that:

1.     ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS will be cited to appear and to answer herein and to present to this court sufficient proof of authority to defend and/or prosecute this suit on behalf of Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities;

2.      Upon the failure of ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS to present such proof to the court, the court will order that ROBERT L COLLINS, AUDREY GUTHRIE and CHRISTOPHER D. LEWIS, are no longer allowed to appear in this cause and to further order the pleadings, motions and appeals filed by ROBERT L. COLLINS, AUDREY GUTHRIE, and CHRISTOPHER D. LEWIS since May 19, 2015 to be stricken from the record; and

3.      For such other and further relief, in law or in equity, to which HUMBERTO SILVA, as Movant and attorney for Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, herein, may be justly entitled.

Respectfully submitted,
LAW OFFICE OF HUMBERTO SILVA
P.O. BOX 2091
DONNA, Texas 78537
Tel. (956) 463-4896
Email: *hsilvalaw1993@yahoo.com*

By:     **"/s/"**

_____
HUMBERTO SILVA
Texas Bar No. 18351430
Attorney for Defendants CITY OF PORT ISABEL, TEXAS, and City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 20th day of JUNE, 2015 a true and correct copy of the foregoing pleading has been delivered via electronic mail and/or deposited in a post office or official depository under the care and custody of the United States Post Office, in a postpaid wrapper, by regular mail and/or certified mail, return receipt requested to:

ROBERT L. COLLINS
AUDREY GUTHRIE
CHRISTOPHER D. LEWIS
ROBERT L. COLLINS & ASSOCIATES
P.O BOX 7726
HOUSTON, TEXAS 77270     E-MAIL: *houstonlaw2@aol.com*

FRANK E. PEREZ
FRANK E. PEREZ & ASSOCIATES
300 MEXICO BLVD.
BROWNSVILLE, TEXAS 78520    E-MAIL: *fperez@feperezandassociates.com*

MICHAEL COWEN
THE COWEN LAW GROUP
62 E. PRICE ROAD
BROWNSVILLE, TEXAS 78520    E-MAIL: *michael@cowenlaw.com*

RICARDO L. SALINAS
FLORES & SALINAS
2011 N. CONWAY
MISSION, TEXAS 78572     E-MAIL: *rsalinaslaw@yahoo.com*

By:  **"/s/"**

     **_____**
     **HUMBERTO SILVA**

FILED
2015-DCL-02342
7/8/2015 12:50:26 PM
Eric Garza
Cameron County District Clerk
By Celso Amaro Deputy Clerk
5979109

**CAUSE NO. 2015-DCL-02342**

| | | |
|---|---|---|
| JUAN JOSE "JJ" ZAMORA, SR. AND | § | IN THE DISTRICT COURT OF |
| MARTIN C. CANTU, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| CITY OF PORT ISABEL, TEXAS; | § | |
| MARIA de JESUS GARZA, | § | |
| GUILLERMO TORRES, JOE E. VEGA, | § | |
| and KEN PAXTON, THE ATTORNEY | § | |
| GENERAL OF TEXAS | § | |
|     Defendants. | § | 444th JUDICIAL DISTRICT |

**DEFENDANT'S MOTION TO ENFORCE STAY AND, SUBJECT THERETO, RESPONSE TO HUMBERTO SILVA'S MOTION TO SHOW AUTHORITY**

COMES NOW City of Port Isabel, Texas, and files this Motion to Enforce Stay and subject thereto, Response to Humberto Silva's Motion to Show Authority, and would show the Court as follows:

**SUMMARY**

**A.** **Humberto Silva's Motion to Show Authority Should not be heard because this cause was stayed pursuant to a Notice of Stay and the Appeal of the denial of Defendants' Plea to the Jurisdiction.**

**B.** **In the alternative, Humberto Silva's Motion to Show Authority should be denied because:**

**1.** **Robert Collins is still the City Attorney and the Attorney representing the City of Port Isabel in this lawsuit.**

    a.    The votes that purported to remove Robert Collins were void because the special meeting was brought in violation of Port Isabel City Charter Section 2.08.

1

b.     The votes that purported to remove Robert Collins were voidable due to Plaintiffs' violation of Chapter 171 of the Texas Local Government Code.

c.     Robert Collins was not terminated by any other means.

**2.     Humberto Silva is not the attorney representing the City in this lawsuit.**

a.     The votes that purported to hire Humberto Silva were void due to Plaintiffs' violation of Chapter 171 of the Texas Local Government Code.

b.     Humberto Silva has not acted to represent Defendants in this lawsuit and has not fulfilled the duties required by an attorney in zealous representation of his clients.

**3.     It would defeat the jurisdiction of this Court to allow the appealed Temporary Injunction Order to be used by Plaintiffs to assert control over Defendants and their ability to defend the lawsuit brought by Plaintiffs.**

### EVIDENCE IN SUPPORT

**Exhibit A:**     Affidavits of Joe Vega, Maria de Jesus Garza, and Ed Meza

**Exhibit B:**     Notices for May 19, 2015 Meeting of the City Commission

**Exhibit C:**     Notice for June 1, 2015 Meeting of the City Commission

**Exhibit D:**     Excerpts from the Port Isabel City Charter

**Exhibit E:**     Open Records Request Response Confirming The City Has No Contract with Humberto Silva

**Exhibit F:**     Docket Sheet showing that a Notice of Appeal and Notice of Stay were filed on May 12, 2015

**Exhibit G:**     Excerpts from April 24, 2015 hearing transcript.

## FACTUAL BACKGROUND

1. During a properly-noticed public meeting, and pursuant to a provision of the Port Isabel City Charter, the City Commission, including Plaintiffs, voted on the potential violation of City Charter, Section 2.02, by three of the Commissioners: Defendant Torres, Plaintiff Cantu, and Plaintiff Zamora. During the meeting, by a duly-recorded majority vote, Plaintiffs were removed from their positions on the City Commission due to their business dealings with the City in violation of Section 2.02. Port Isabel City Charter Section 2.02 provides for the disqualification of office holders and candidates for City elected office for, among other things, doing business with the City. See Exhibit D, Section 2.02

2. Plaintiffs thereafter filed suit against the City and other Defendants in their individual and official capacities for their actions in voting to remove Plaintiffs from their positions on the City Commission for violation of Section 2.02. Plaintiffs contend by their petition that 1) they were erroneously removed; or 2) in the alternative, that the City Charter provision is unconstitutional. Plaintiffs sought a temporary injunction requiring reinstatement of Plaintiffs as voting members of the Port Isabel City Commission. A hearing was held on a Plea to Jurisdiction filed by Defendants and Plaintiffs' Motion for Temporary Injunction on April 24, 2015. At the hearing, the Court denied Defendants' Plea to the Jurisdiction and verbally indicated it would grant Plaintiffs a temporary injunction. Defendants appealed the denial of the Plea to Jurisdiction and issued a notice of stay on May 12, 2014. After the stay was in place, Plaintiffs obtained a signed temporary injunction order that purportedly required Plaintiffs to be reinstated as voting members of the City Commission. Despite their removal and disqualification, and with the assistance of the temporary injunction order, Plaintiff Cantu claimed to participate as a candidate for the May 8 election and, as he had been unopposed

before being declared disqualified, claims he was re-elected to the City Commission. Despite notice of the stay, Plaintiffs then nonsuited their claims and obtained a dismissal order, attempting to avoid the jurisdiction of this Court. Plaintiffs then filed a motion to withdraw their nonsuit and obtained an order granting their motion, again despite the stay, and without opportunity for Defendants to be heard on the issue.

3. Plaintiffs then posted public notice of their intent to hold a Port Isabel City Commission meeting on May 19, 2015 at 7:00 p.m. wherein they would, purporting to act as City Commissioners, bring action and vote to, among other things: 1) terminate the City Attorney (Defendant's counsel Mr. Collins); 2) vacate the Commission's April 24, 2015 finding that Plaintiffs violated the City Charter which was the basis of this litigation; 3) rescind approval to pay counsel to represent the Defendants in this case; 4) rescind approval for the investigation of violations of the City Charter; and 5) consider appointing a new City Attorney. See Humberto Silva's Motion to Show Authority, Exhibit A; See Exhibit B.

4. At the meeting, Defendant Vega, as Mayor of Port Isabel and presiding officer for any City Commission meeting, read a statement that was made part of the minutes of that meeting, declaring that any votes by Plaintiffs on the topics listed above would be void due to their direct respective conflicts of interest. Defendant Vega also gave fair notice that any agenda items that passed only because of Plaintiffs' void participation in making a motion or second, and their votes, would be void. However, Defendants were unable to stop Plaintiffs from asserting the void votes had passed due to the overbroad temporary injunction order. Despite their conflicts of self-interest and the direct connection to this suit, the appeal, and Plaintiffs' respective businesses, Plaintiffs voted on the five issues previously mentioned; and each issue was either moved or seconded by one or more of Plaintiffs. See Humberto Silva's Motion to

4

Show Authority, Exhibit A.

5. After claiming to have terminated the City Manager and City Attorney by their void votes, Plaintiffs then filed notice for a June 1 meeting wherein they purported by their act and vote to hire their attorney in this suit and appeal, Gilberto Hinojosa, as the new City Attorney. Plaintiffs also purported to act and vote to declare that Humberto Silva would be counsel to appear as counsel for the City in this case and the appeal, for the sole purpose of dismissing it and agreeing to the claims Plaintiffs made in their lawsuit. See Humberto Silva's Motion to Show Authority, Exhibit B.

6. Defendants did not hire or retain Mr. Silva. Mr. Silva is not the City Attorney and does not claim to the City Attorney. Pursuant to the Port Isabel City Charter Section 3.05, the City Attorney represents the City in litigation, but can appoint someone else. See Exhibit D, Section 3.05. However, Mr. Silva does not have and does not present any contract of employment for legal services signed by any Defendant or the City Attorney. After searching, the City was unable to locate any contract with Mr. Silva for representation in this suit. See Exhibit E (Open Records Request confirming that City Commission Meeting Minutes for June 1, 2015, are the only documents the City has in relation to Humberto Silva). Silva has not met with Defendants, filed any briefs on their behalf, or taken any other steps to defend the suit brought by Plaintiffs or to prosecute the appeal. See Exhibit A, Affidavits by Defendants. The only pleadings filed by Mr. Silva are motions to prevent the undersigned counsel, the City Attorney of Port Isabel since 2006, from representing the interests of Defendants and to strike briefs timely filed by Defendants.

7. The undersigned counsel, Robert L. Collins, has served as the official City Attorney of Port Isabel since 2006, and has represented, defended and worked with Defendants

5

in this suit since its onset. See Exhibit A. Defendants' counsel -- Robert Collins, Michael Cowen, and Frank Perez -- have and continue to meet with Defendants and represent Defendants in this case. See Exhibit A, Affidavits by Defendants. Defendants have never stated or given any notice that Robert Collins no longer represents them or the City in this suit. To the contrary, Defendants have requested that Robert Collins remain as counsel for the City in this case. Defendants hired Robert Collins as their attorney for this case and have not requested any other counsel. See Exhibit A, Affidavits by Defendants.

## MOTION TO ENFORCE STAY

8. Defendants filed a Notice of Appeal of this Court's denial of Defendants' Plea to the Jurisdiction on May 12, 2015. See Exhibit F. Also on that date, Defendants filed a Notice of Stay. See Exhibit F. An appeal of a denial of a Plea to Jurisdiction automatically stays the trial court as long as the plea was filed within 180 days of Defendants Original Answer. See *Tex. Civ. Prac. & Rem. Code 51.014(c)*. The Plea to the Jurisdiction in this case was filed with Defendants' Original Answer, which was subject to the Plea to Jurisdiction. See Exhibit F. Therefore, Defendants' appeal of the denial automatically stayed all activity in this Court pending the resolution of the appeal. Therefore, Humberto Silva's Motion to Show Authority should not be heard by this Court due to the automatic stay in place pursuant to the pending appeal.

## RESPONSE TO HUMBERTO SILVA'S MOTION TO SHOW AUTHORITY

### LEGAL AUTHORITY

9. The Open Meetings Act requires that the Commission give "written notice of the date, hour, place, and subject of each meeting held." Tex. Gov't Code Ann. §551.041 (West 1994). Most cases addressing the statutory notice requirement concern whether the

subject-matter of a meeting has been adequately identified. *See, e.g.*, *Cox Enter., Inc. v. Board of Tr. of the Austin Indep, Sch. Dist.*, 706 S.W.2d 956, 29 Tex. Sup. Ct. J. 316 (Tex. 1986) (the "Open Meetings Act requires a full disclosure of the *subject matter* of the meetings"); *Hays County Water Planning P'ship v. Hays County*, 41 S.W.3d 174, 180 [**12] (Tex. App.--Austin 2001, pet. denied) (holding that notice must convey substance of meeting); *San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762 (Tex. 1991). An action taken in violation of the Open Meetings Act Section 551 is voidable. Tex. Gov't Code Ann. 551.141.

10. Section 171 of the Texas Local Government Code prohibits public officials with a substantial interest from voting or participating on matters involving that business. Tex. Loc. Gov. Code 171.004. Purposefully violating the section is Class A misdemeanor. *Id.* at 171.003. Any vote that would not have passed without the conflicted vote is voidable. *Id.* 171.006. *Dallas County Flood Control Dist. No. 1 v. Cross*, 815 S.W.2d 271, 278 (Tex. App. Dallas 1991). A local public official is considered to have a substantial interest under this section if a person who has a substantial interest is related to the official in the first degree of consanguinity or affinity. *Id.* 171.002.

11. The Texas Disciplinary Rules of Professional Conduct Preamble requires an attorney to "zealously pursue client interests within the bounds of the law." In performing that task, the rules require an attorney be "competent, prompt and diligent." An attorney's duty to represent a client zealously begins as soon as "the client has requested the lawyer to render legal services and the lawyer has agreed to do so." Tex. Disciplinary R. Prof. Conduct Preamble, p. 12 (State Bar Rules Art. X, §9); *Hanna v. Niemann*, 1999 Tex. App. LEXIS 4455 (Tex. App. Austin June 17, 1999). Attorneys represent their clients in many capacities beyond advocating during litigation, such as legal counselor, advisor, and intermediary. *Id.* In addition to zealous

7

advocacy, "[t]he guiding principles in the area of attorney-client relationships require a lawyer to provide his client with an informed understanding of the client's legal rights and obligations, [and] to explain rights and obligations…" *See* Tex. Disciplinary R. Prof. Conduct, Preamble p. 2; *In re Norris*, 2004 Tex. App. LEXIS 3810, 5-6 (Tex. App. Fort Worth Apr. 29, 2004).

## ARGUMENT

**I.     Robert Collins is still the City Attorney and the attorney representing the City in this lawsuit.**

> *a.     The votes that purported to remove Robert Collins were void because the special meeting was brought in violation of Port Isabel City Charter Section 2.08.*

12.     The Port Isabel City Charter requires that Special Meetings may only be held if called by the Mayor or two City Commissioners. See Exhibit D, Section 2.08 ("The Mayor or any two (2) members of the City Commission may call Special Meetings of the City Commission at any time").

13.     The meeting on May 19, 2015, was a Special Meeting called by Martin Cantu and JJ Zamora. See Exhibit B (notice of meeting identifying it as a Special Meeting and signed by Martin Cantu and JJ Zamora). The meeting contained only agenda items that were directly related to this litigation and the Plaintiffs' personal businesses that made basis of this suit. *Id.* The meeting notice directly referenced firing one attorney for Defendants, revoking funding for the other attorneys for Defendants, and undoing the vote that is the basis of this lawsuit. Due to the contents of the meeting, both Martin Cantu and JJ Zamora have direct conflicts that make them ineligible to call the meeting, participate in the agenda items, or vote on the agenda items. Therefore, Plaintiffs cannot constitute City Commissioners to call this particular meeting and the meeting is void for violation of the Port Isabel City Charter, Section 2.08. Exhibit D, Section

8

2.08

b.      *Plaintiffs' violation of Chapter 171 of the Texas Local Government Code.*

14.      Commissioner Cantu and Commissioner Zamora, Plaintiffs, both had direct and personal conflicts in their participation in the Agenda item purportedly passed during the May 19, 2015 meeting.   They participated in and voted on this matter in deliberate violation of Chapter 171 of the Local Government Code. *Tex. Loc. Gov. Code 171.003; 171.004.* The votes would not have occurred or passed without Plaintiffs' participation (by making the Motion or second) and their action and votes are voidable. *Id.* 171.006. See Humberto Silva's Motion to Show Authority, Exhibit A.

15.      Plaintiffs have a substantial interest in two automotive service businesses in Port Isabel, Texas. *See Exhibit G*, p. 86, ln. 13; p. 94, ln 1-3; p. 107, 11-19. Plaintiffs admitted both their substantial interest in their respective automotive business and the business they conducted with the City during the City Commission meeting of April 13, 2015, where they were declared unqualified and removed from office. They again admitted their violation of the City Charter prohibition against doing business with the City during their testimony at the April 24, 2015 hearing on Plaintiffs Motion for Temporary Injunction. *Id.*

16.      The temporary injunction granted by the trial court did not preserve the status quo; instead, it required that Plaintiffs be allowed to continue to sit and vote on the City Commission. Claiming the authority of the Temporary Injunction, Plaintiffs' counsel threatened that any action to deny them free reign as purported City Commissioners would be met with action for contempt, and Plaintiffs then noticed, voted, and participated on several City Commission official meeting agenda issues related to the lawsuit which is directly related to their businesses and to their desire to dismiss the appeal in this case before their illegal activities can

be reviewed.

17.     Specifically, Plaintiffs participated and voted to:

1)      Terminate the City Attorney, Mr. Collins, who has been representing the City in this lawsuit and appeal about Plaintiffs having conducted business with and profited from the City;

2)      Vacate the Commission's April 13, 2015 finding that Plaintiffs violated the City Charter by doing business with and profiting from the City through their respective auto service businesses;

3)      Rescind approval to pay counsel to represent the Defendants in this case;

4)      Rescind approval for the investigation of violations of the City Charter; and

5)      Consider appointing a new City Attorney.

See Humberto Silva's Motion to Show Authority, Exhibit A; See Exhibit A.

18.     The votes on each of these related matters were either motioned or seconded by Plaintiffs, and Plaintiffs' votes consisted of two of the three votes cast on each item.  Only because Plaintiffs participated and voted are they able to claim that any of these matters "passed" or were adopted. Therefore, none of the above listed agenda items would have passed but for the conflicted participation and votes of Plaintiffs. Therefore, the votes on those issues are all voidable pursuant to Chapter 171 of the Texas Local Government Code.  *Dallas County Flood Control Dist. No. 1*, 815 S.W.2d at 278 ("A violation of [Section 171 of the Local Government Code] rendered the transaction voidable by the public agency if 'the measure that was the subject of the action involving the conflict of interest would not have passed the governing body without the vote of the person who violated this article.'").

10

c.      *Robert Collins was not terminated by any other means.*

19.      The Mayor, Joe Vega; City Manager, Ed Meza; and Plaintiff commissioners have never communicated or represented that there has been any termination of Robert Collins' services as counsel for Defendants in this suit and appeal.   Indeed, the Mayor and one Commissioner, which comprises two of the three persons who would not be disqualified to vote on the issue legally at any legally-noticed City Commission meeting, have stated unequivocally that the votes of Plaintiffs are considered void and illegal; and as a result, Robert Collins remains as City Attorney and as attorney for the Defendant/Defendant City of Port Isabel in this litigation. The City Manager, Edward P. Meza, who was also the subject of a void attempt at termination at the same meeting, has testified by Affidavit to his intent and desire that Robert Collins continue to represent the City in this litigation. Robert Collins has regularly worked with Defendants in defending this case, the filing of pleadings, court appearances, the filing of the appeals, and the drafting and filing of briefs in prosecuting the appeals desired and filed by Defendants.

## II.      Humberto Silva is not the attorney representing Defendants in this suit.

a.      *The votes that purported to hire Humberto Silva were void due to Plaintiffs'*
*violation of Chapter 171 of the Texas Local Government Code and Section 551.141*
*of the Open Meetings Act.*

20.      Plaintiffs purported to appoint Silva to be their opposing counsel and represent Defendants in this case during a June 1, 2015, meeting. See Exhibit C.   Plaintiffs posted notice of the June 1, 2015, meeting. The notice stated as an agenda item:

> Deliberation regarding City of Port Isabel, Texas; Maria de Jesus Garza; Guillermo Torres and Joe E. Vega vs. Juan Jose "JJ" Zamora and Martin C. Cantu, pursuant to Texas Government Code, Section 551.071(1)(A), pending or contemplated litigation.

11

See Exhibit C.

21. First, the notice does not give adequate notice of the matter discussed or the actions taken, and, therefore, violates Section 551.141 of the Open Meetings Act. The notice does not identify that the replacement of counsel in the case is a subject of the meeting and, therefore, fails to give sufficient notice. *Cox Enter., Inc.,* 706 S.W.2d 956. As a result, the action is void pursuant to Tex. Gov't Code Ann. 551.141.

22. Second, much like the May 19, 2015 meeting, the June 1, 2015 vote on the appointment of Mr. Silva in this litigation is voidable due to Plaintiffs' conflict of interest pursuant to *Tex. Loc. Gov. Code 171.003-171.006.* Plaintiffs' votes on a matter to appoint counsel to defend the suit filed as a result of a finding that they violated the City Charter by and through their respective businesses. The votes passed only because of the conflicted participation and votes. Therefore, the vote is voidable. *Id.* 171.006.

b. *Humberto Silva has not acted to represent Defendants in this lawsuit and has not fulfilled the duties required by an attorney in zealous representation of his clients.*

23. Mr. Silva claims he is the attorney for the City as well as the Commissioners, but he has not contacted them to discuss their position, familiarize himself with the facts, or defend the case and prosecute the appeal. He failed to file briefs to support the Defendants' appeals. As a result, Mr. Silva has carried out his intent, as evidenced by the minutes he offers to prove his claimed authority, to dismiss the appeal and deprive this Court of ever hearing this political corruption case as he will have, if his effort to remove Defendants counsel succeeds, effectively forfeited the appeal filed by the Defendants he claims to represent. Defendants Vega and Garza and the City Manager, Ed Meza, have demonstrated their desire to proceed with the appeal with Mr. Collins as counsel for Defendants. They have confirmed that Mr. Silva has not been legally

12

retained to represent the City or them, and they have set forth to this Court why Plaintiffs' efforts are void and should not be considered effective. See Exhibit A.

24.     Mr. Silva not only failed to contact them or file anything on their behalf, but is now also moving to strike the briefs filed on behalf of the people he claims to be his clients.   As a result, Mr. Silva has not acted consistently with the obligations of an attorney to zealously represent the interests of his clients. Tex. Disciplinary R. Prof. Conduct, Preamble, ¶2. He has not zealously pursued his clients' interest; he has not been prompt or diligent; he has not provided legal advice or worked as an intermediary in this matter; he has not explained the legal and practical implications of Defendants' legal rights and obligations. *Id ¶ 2, 12;* See also Exhibit A.   This demonstrates that Mr. Silva is not counsel for Defendants.   He is instead a stand in intended to take over and dismiss the appeal for the personal profit and interests of Plaintiffs Cantu and Zamora.

25.     Robert Collins on the other hand, as the only Port Isabel City Attorney since 2006, and as the attorney who has been working on this case representing the City as Defendant and now Defendant, since the beginning, has pursued the Defendants' interests, has met all deadlines and otherwise acted promptly, and he has provided legal advice and counsel as needed to properly defend this suit and prosecute the appeal.

**III.    It would defeat the jurisdiction of this Court to allow the appealed Temporary Injunction Order to be used by Plaintiffs to assert control over Defendants and their ability to prosecute the appeal and defend the lawsuit brought by Plaintiffs.**

26.     Plaintiffs voted on matters that passed only because they voted, the result of which, if effective, would give them control over the opposing side of this lawsuit. They purported to fire, directly or through a removal of funding, all counsel for Defendants. Plaintiffs

13

then moved, seconded, and voted on the decision to hire their attorney in this suit, Mr. Hinojosa, as City Attorney, and then to replace the long-time City Attorney with another attorney chosen by Plaintiffs to represent Defendants in this suit. The evidence provided by Mr. Silva proves that Plaintiffs have declared their intent to interfere with the appeals filed in this case by Mr. Silva dismissing the appeal if he is able to take control of it, and by his capitulating to agree with Plaintiffs that the City Charter is unconstitutional or that it will simply be ignored in the future as an inconvenience to the business practices of Plaintiffs Cantu and Zamora. See Humberto Silva's Motion to Show Authority, Exhibits A and B; *see also* Exhibits B and C to this response.

27. Now, as promised and through the use of Mr. Silva, the attorney Plaintiffs purported to choose to represent Defendants, Plaintiffs are attempting to force Defendants to miss appellate deadlines and withdraw or have the Court strike briefs filed in support of Defendants' appeals.

28. Allowing Plaintiffs to choose an attorney to represent Defendants in this case and, therefore, directly impact the legal decisions and rights of Defendants in this case will circumvent the authority of this Court and the trial court to hear and decide this case.

CONCLUSIONS

29. Robert Collins is the City Attorney of Port Isabel and the attorney representing the City in this suit because: 1) The meeting was void due to violations of the Port Isabel City Charter Section 2.08; 2) The votes by the City Commission were voidable as a result of Plaintiffs' lack of qualification to act or vote and due to violation of Chapter 171 of the Texas Local Government Code; and 3) Robert Collins was not terminated by any other means. Humberto Silva is not the attorney representing the City in this suit because: 1) The purported action to hire Humberto Silva violated the Open Meetings Act and the Local Government Code;

14

2) Humberto Silva has not provided legal services to Defendants or otherwise acted on Defendants' behalf; and 3) Allowing Plaintiffs to hire Humberto Silva to act as counsel for Plaintiffs defeats the jurisdiction of this Court to hear and decide the issues.

## PRAYER

Defendants, and their undersigned counsel, pray that for all of the foregoing reasons, this Court will 1) enforce the automatic stay and decline to hear or consider Humberto Silva's Motion to Show Authority until the pending appeal has been resolved or, in the alternative, 2) Deny Humberto Silva's Motion to Show and allow this suit to be prosecuted so that justice may be done and the citizens of Port Isabel may have confidence in the honesty and transparency of their elected officials.

Respectfully submitted,

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com

ATTORNEYS FOR CITY OF
PORT ISABEL

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following on the 8th day of July, 2015 via certified mail, return receipt requested, hand delivery, e-service and/or facsimile.

Humberto Silva
Law Office of Humberto Silva
P.O. Box 2091
Donna, Texas 78537
Tel. 956-463-4896
Hsilvalaw1993@yahoo.com

### Counsel for Plaintiffs
Gilbert Hinojosa
622 East St. Charles St.
Brownsville, Texas 78520
Fax: 1-956-544-1335
ghinojosa@ghinojosalaw.net

### Counsel for Defendants
Michael R. Cowen
THE COWEN LAW GROUP
62 E. Price Road
Brownsville, TX 78521
  (956) 504-3674 Facsimile
michael@cowenlaw.com

Frank E. Perez
FRANK E. PEREZ & ASSOCIATES, PC
300 Mexico Boulevard
Brownsville, TX 78520
  (956) 504-5991 Facsimile
fperez@feperezandassociates.com


_____
Robert L. Collins

16

FILED
2015-DCL-02342
10/7/2015 10:56:12 AM
Eric Garza
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk
7265801

**CAUSE NO. 2015-DCL-02342**

| | | |
|---|---|---|
| JUAN JOSE "JJ" ZAMORA, SR. AND | § | IN THE DISTRICT COURT OF |
| MARTIN C. CANTU, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| CITY OF PORT ISABEL, TEXAS; | § | |
| MARIA de JESUS GARZA, | § | |
| GUILLERMO TORRES, AND JOE E. | § | |
| VEGA, | § | |
| Defendants. | § | 444th JUDICIAL DISTRICT |

## RESPONSE TO HUMBERTO SILVA'S MOTION TO SHOW AUTHORITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, and file this response to Humberto Silva's motion to show authority

### BACKGROUND

1.      HUMBERTO SILVA filed a motion to show authority with this court on June 20, 2015. The Court of Appeals issued an order abating all proceedings before that court to provide this trial Court an opportunity to hold a hearing on Movant Humberto Silva's Motion to Show Authority.

### ARGUMENT

2.      Defendants contend that Humberto Silva does not have standing to file a motion to show authority.  Rule 12 does not address whether a motion can be filed by a non-party attorney. *Philips v Philips, 244 S.W.3d 433, 435 (Tex. App. -- Houston [1st Dist.] 2007, no pet.).* A court must strictly adhere to the language in rule 12, which only grants a party standing to challenge an attorney's authority. *Id.* An attorney who is not a party does not have standing to file a rule 12 motion. *Id.* Humberto Silva is not a party to this case, and therefore does not have the

1

standing to file a motion to show authority on his own behalf.

PRAYER

Accordingly, the Defendants respectfully request that the Court deny this Motion to Show Authority.

Respectfully submitted,

ROBERT L. COLLINS & ASSOCIATES

_____
Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com
ATTORNEYS FOR CITY OF
PORT ISABEL

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion for Continuance was sent to the following on the 7th day of October, 2015 via certified mail, return receipt requested, hand delivery, e-service and/or facsimile.

Humberto Silva
Law Office of Humberto Silva
P.O. Box 2091
Donna, Texas 78537
Tel. 956-463-4896
Hsilvalaw1993@yahoo.com

Ricardo L. Salinas
Law Office of Salinas Flores

2

2011 North Conway Avenue
Mission, Texas 78572
Fax 956-580-9688
rsalinaslaw@yahoo.com

Michael R. Cowen
THE COWEN LAW GROUP
62 E. Price Road
Brownsville, TX 78521
 (956) 504-3674 Facsimile
michael@cowenlaw.com

Frank E. Perez
FRANK E. PEREZ & ASSOCIATES, PC
300 Mexico Boulevard
Brownsville, TX 78520
 (956) 504-5991 Facsimile
fperez@feperezandassociates.com

**ROBERT COLLINS**

RECEIVED
2015-DCL-02342
10/26/2015 9:24:27 AM
Eric Garza
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk
7529876

CAUSE NO. 2015-DCL-2342

| | | |
|---|---|---|
| JUAN JOSE "J.J." ZAMORA AND | § | IN THE DISTRICT COURT |
| MARTIN C. CANTU, | § | |
| Plaintiffs | § | |
| VS. | § | |
| CITY OF PORT ISABEL, TEXAS, | § | 444TH JUDICIAL DISTRICT |
| MARIA DE JESUS GARZA, | § | |
| GUILLERMO TORRES, AND JOE E. | § | |
| VEGA | § | |
| Defendants | § | |
| | § | OF CAMERON COUNTY, TEXAS |

## AMENDED ORDER GRANTING MOTION TO SHOW AUHORITY

On the 7th day of October, the Motion to Show Authority of HUMBERTO SILVA, Movant and Attorney for Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, was heard before this court. The Court also heard the Motion to Show Authority of JUAN JOSE "J.J." ZAMORA and MARTIN C. CANTU that was filed in conjunction with their Response to the Motion to Show Authority of Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, that was filed in Cause No. 13-15-00218-CV and 13-15-00237-CV in the Thirteenth Court of Appeals of Texas. Attorney HUMBERTO SILVA, appeared in person for the CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities. Attorney VICTOR RAMIREZ appeared in person for JUAN JOSE "J.J." ZAMORA and MARTIN C. CANTU. Attorney ROBERT L. COLLINS, appeared in person. Also appearing was Attorney MICHAEL COWEN by and through an associate of his firm. Attorney FRANK E. PEREZ did not appear.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, the Court finds that the motion of HUMBERTO SILVA, Attorney for Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, is well taken and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that attorney HUMBERTO SILVA has authority to appear in this cause, and in Cause No. 13-15-00218-CV and Cause No. 13-15-00237-CV in the Thirteenth Court of Appeals of Texas, as attorney of record for the Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that attorneys ROBERT L. COLLINS, MICHAEL COWEN and FRANK E. PEREZ, are no longer permitted to appear in this cause, and in Cause No. 13-15-00218-CV and 13-15-00237-CV in the Thirteenth Court of Appeals of Texas, as attorneys for the of Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all pleadings filed in this cause, and the appeals of this cause, and by ROBERT L. COLLINS, MICHAEL COWEN, and FRANK E. PEREZ for of Defendants CITY OF PORT ISABEL, TEXAS, City Commissioners MARIA DE JESUS GARZA, GUILLERMO TORRES, and Mayor JOE E. VEGA, In Their Official Capacities, since May 19, 2015 are hereby stricken.

SIGNED and ENTERED on the 16th day of November, 2015.

_____
PRESIDING JUDGE

cc:
ROBERT L. COLLINS, at *houstonlaw2@aol.com*
AUDREY GUTHRIE, at *houstonlaw2@aol.com*
CHRISTOPHER D. LEWIS, at *houstonlaw2@aol.com*
FRANK E. PEREZ, at *fperez@feperezandassociates.com*
MICHAEL COWEN, at *michael@cowenlaw.com*
HUMBERTO SILVA at *hsilvalaw1993@yahoo.com*
RICARDO L. SALINAS, at *rsalinaslaw@yahoo.com*

FILED ___ o'clock __A__ M
**ERIC GARZA** - DISTRICT CLERK

NOV 16 2015

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____Deputy #19

# Exhibit B

| | | |
|---|---|---|
| JUAN JOSE "JJ" ZAMORA, SR. AND | § | IN THE DISTRICT COURT OF |
| MARTIN C. CANTU, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| CITY OF PORT ISABEL, TEXAS; | § | |
| MARIA de JESUS GARZA, | § | |
| GUILLERMO TORRES, AND JOE E. | § | |
| VEGA, | § | |
|     Defendants. | § | 444th JUDICIAL DISTRICT |

## DEFENDANTS' PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW ON AUTHORITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant City of Port Isabel, Texas and submits this Proposed Findings of Fact and Conclusions of Law on the hearing for Humberto Silva's Motion to Show Authority:

I.

## FINDINGS OF FACT

1. Attorney Humberto Silva, who is not a party to this lawsuit, filed the motion to show authority as the movant, and Mr. Silva presented that motion as the movant.

2. The Agenda for the Special Meeting of the Port Isabel City Commission that occurred on May 19th, 2015, was requested and posted by Plaintiffs Juan Zamora and Martin Cantu, and sought for the City to take the following actions:

    a. to terminate any non-employee contractual relationship for legal services between Robert Collins and the City of Port Isabel, who served as City Attorney and was defending this then pending lawsuit against the City,

    b. to vacate any finding by the City of Port Isabel at its April 13th, 2015 meeting, that Plaintiffs Cantu and Zamora were disqualified from office

1

and to rescind any action taken to remove them from office, the very subject matter of this then pending lawsuit,

c. to rescind approval of the retention of outside counsel to investigate and/or prosecute potential violations of the City Charter, which was a subject of this then pending lawsuit and other matters,

d. to appoint a City Attorney.

3. Plaintiff's Juan Zamora and Martin Cantu each have a personal and substantial interest in the matters they posted to be considered during the May 19th, 2015 Special Meeting of the Port Isabel City Commission with respect to:

a. Cantu and Zamora are plaintiffs in the lawsuit they filed against the City of Port Isabel on April 15th, 2015, that is being defended by longtime City Attorney Robert Collins, the very attorney they moved to have the City terminate contractual relationships with.

b. Dismissing the City Attorney and City Manager, and designating the attorney who filed and represents the Plaintiffs in this pending lawsuit, Gilberto Hinojosa, as the new City Attorney are actions designed to cause the City to abandon its right to appeal the court's order that temporarily allowed Zamora and Cantu to participate in and vote at City Commission meetings.

c. Plaintiff's Cantu and Zamora were the subject of the April 13th findings of the City Commission that they were disqualified from office, and it is a conflict of interest for either of them to seek action or vote to rescind their own removal as City Commissioners – the exact subject of the May 19

2

meeting they demanded, participated in, and voted in – all with actual notice of their conflicts of interest.

d.    Cantu and Zamora are the subject of the City investigation they sought and voted to rescind.

4.    Zamora and Cantu were both placed on notice of their conflicts of interest by a statement Mayor Joe E. Vega read at the onset of the May 19th Meeting, and said statement was made part of the minutes of that meeting as set forth in Silva Exhibit 3.

5.    When bringing and voting on the Agenda item they had demanded, "Consideration and possible action to terminate any non-employee contractual relationship for legal services between Robert Collins, or any affiliated entity, and the City of Port Isabel, Effective immediately," Plaintiff Zamora made the motion, and Plaintiffs Zamora and Cantu both voted in favor of the motion. Without the participation of Zamora and Cantu, the motion could not have been considered or passed.

6.    When bringing and voting on the motion "Consideration and possible action to vacate any finding by the Port Isabel City Commission on April 13, 2015 that Martin Cantu and J.J. Zamora were disqualified from office, and to rescind any action taken to remove them," that motion was seconded by Plaintiff Cantu, and both Cantu and Zamora voted in favor of the motion. Without the participation of Plaintiffs Zamora and Cantu, the motion could not have been considered or passed.

3

7.  When bringing and voting on the motion "Consideration and possible action to rescind approval of the retention of outside counsel to investigate and/or prosecute potential violations of the City Charter, and other matters," Plaintiff Cantu seconded the motion, and Plaintiff Zamora voted for it. Without the participation of Zamora and Cantu, the motion could not have been considered or passed.

8.  When bringing and voting on the motion "Consideration and possible action to appoint a city attorney," intended to result in dismissal of the City's appeal of this case, Cantu made the Motion, and Zamora seconded the motion.

9.  Without Zamora or Cantu making the motion, making the second, or voting, none of the motions decided during the May 19th Meeting would have passed.

10. The Agenda for the Special Meeting of the Port Isabel City Commission that occurred on June 1st, 2015, was requested and posted by Plaintiffs Juan Zamora and Martin Cantu, and according to Silva, but not clear from the public notice of action by the City, sought for the City to declare that Robert Collins does not represent the City in this lawsuit or the appeal of this case, that the City should retain Humberto Silva to represent it in some matter related to claims of the City against Plaintiffs Zamora and Cantu, and that the appeal of this case by the City of Port Isabel be terminated. The Agenda and Minutes for that meeting do not make these intentions or actions clear and as written is nonsensical as reflected by Silva Exhibit 5.

11. When bringing and voting on the June 1st agenda item declaring that Robert Collins does not represent the City in respect to claims of the City against Cantu

4

or Zamora, that the City should retain Humberto Silva, and that the appeal by the City of Port Isabel be terminated, Cantu made the motion, and both Cantu and Zamora voted for the motion.

12. Without Cantu bringing the motion or Cantu and Zamora voting on the motion, the June 1st motion, relied on by Silva as the only proof of his being retained by the City would not have passed. Silva has no written representation agreement with the City to act as its attorney in any respect. Collins has been Port Isabel City Attorney since 2006, and continues to represent the City in other pending litigation.

13. Cantu and Zamora both have substantial and personal conflicts of interest with respect to the June 1st motion and action apparently designed to interfere in the appeal and defense by the City of their lawsuit, because they are the plaintiffs in the suit which they claim to have moved and voted the City should not defend or appeal.

14. Robert Collins has been the City Attorney of Port Isabel since 2006.

15. As City Attorney, Robert Collins has been defending this lawsuit since its inception, and he was City Attorney at the time Cantu and Zamora were removed from office for violation of the conflicts of interest prohibitions of the City Charter.

16. The only actions purported by Silva to have been taken to remove Robert Collins from his position of City Attorney were the actions taken at the May 19th and June 1st meetings of the City of Port Isabel.

5

17.  The actions taken at the May 19th and June 1st City meetings do not give any notice that Robert Collins has been replaced as counsel for the City of Port Isabel in this case.

18.  The posted notice for the May 19 meeting was not posted by the City Secretary, and purported to give notice that the Commission would meet pursuant to Article II, section 2.11 of the City Charter. There is no Article II, Section 2.11 of the City Charter, and it is mandatory that the City Secretary post all meeting notices.

19.  Humberto Silva has no contract or written representation agreement to represent the City of Port Isabel. Humberto Silva is not the Port Isabel City Attorney.

20.  According to the Port Isabel City Charter, the City Attorney must appear and represent the City in any litigation.

II

**CONCLUSIONS OF LAW**

1.  Humberto Silva has no standing to bring a Rule 12 motion to show authority on behalf of the City of Port Isabel or otherwise against the City's counsel of record Robert Collins. "A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act." Tex. R. Civ. P. 12.  A court must strictly adhere to the language of Rule 12, which only grants a party standing to challenge an attorney's authority. *Philips v Philips,* 244 S.W.3d 433, 435 (Tex. App. -- Houston [1st Dist.] 2007, no pet.).  Humberto Silva is not a party to this action, nor does he represent a party to this action.  Therefore, Mr. Silva does not

6

have standing to bring a Rule 12 motion challenging the authority of the Defendant's attorney.

2.   Plaintiffs Cantu and Zamora each have conflicts of interest in posting the May 19th and June 1st agendas, making any motion or second in respect to them and in voting in respect to them. They have conflicts of interest in making motions, seconding motions, and voting on motions in favor of removing the City Manager or City Attorney in retaliation for those officials enforcing the City Charter, in purportedly hiring Humberto Silva to represent the City, and in seeking to dismiss the appeal of this case. The conflicts of interest of Cantu and Zamora render those actions void and invalid.

3.   As current City Attorney, and the attorney of record for the City of Port Isabel in this case, Robert Collins has the authority to proceed with representing the City in this case and in all appeals resulting from this case.

Respectfully submitted,

ROBERT L. COLLINS & ASSOCIATES

_____
Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
Andrew Millar
Texas Bar No. 24095082
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com
ATTORNEYS FOR CITY OF
PORT ISABEL

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Proposed Findings of Fact and Conclusions of Law was sent to the following on the 14th day of October, 2015 via certified mail, return receipt requested, hand delivery, e-service and/or facsimile.

Humberto Silva
Law Office of Humberto Silva
P.O. Box 2091
Donna, Texas 78537
Tel. 956-463-4896
Hsilvalaw1993@yahoo.com

Ricardo L. Salinas
Law Office of Salinas Flores
2011 North Conway Avenue
Mission, Texas 78572
Fax 956-580-9688
rsalinaslaw@yahoo.com

Michael R. Cowen
THE COWEN LAW GROUP
62 E. Price Road
Brownsville, TX 78521
 (956) 504-3674 Facsimile
michael@cowenlaw.com

Frank E. Perez
FRANK E. PEREZ & ASSOCIATES, PC
300 Mexico Boulevard
Brownsville, TX 78520
 (956) 504-5991 Facsimile
fperez@feperezandassociates.com

_____
**ROBERT COLLINS**

# Exhibit C

REPORTER'S RECORD
VOLUME 001 OF 001 VOLUME

**APPELLATE CAUSE NUMBERS 13-15-00218-CV AND 13-15-00237-CV**

TRIAL COURT CAUSE NO. 2015-DCL-0342

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/28/2015 3:13:05 PM
DORIAN E. RAMIREZ
Clerk

JUAN JOSE "J.J." ZAMORA | *IN THE DISTRICT COURT OF*
AND MARTIN C. CANTU |
|
VS |
| *CAMERON COUNTY, T E X A S*
CITY OF PORT ISABEL, TEXAS, |
MARIA DE JESUS GARZA, |
GUILLERMO TORRES, AND |
JOE E. VEGA | *444TH JUDICIAL DISTRICT*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ON ABATEMENT FROM THIRTEENTH COURT OF APPEALS REMANDED TO TRIAL COURT TO DETERMINE MATTERS REGARDING LEGAL AUTHORITY OF ATTORNEYS COLLINS, GUTHRIE, LEWIS, COWEN AND PEREZ TO ACT AS ATTORNEYS**

**October 8, A.D., 2015**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On the 8th day of October, A.D., 2015, the foregoing Proceedings came on to be heard outside the presence of a Jury, in the above-entitled and -enumerated cause; and the following proceedings were had before the Honorable Roberto "Bobby" Flores, Judge Presiding, held in Edinburg, Hidalgo County, Texas, USA:

Proceedings reported by COMPUTERIZED INTEGRATED COURTROOM REALTIME, STENOTYPE MACHINE; Reporter's Record produced BY COMPUTER-ASSISTED TRANSCRIPTION.

e
JESSIE C. SALAZAR, Texas CSR #4286
Official Court Reporter - 139th Judicial District Court
Hidalgo County Courthouse
100 North Closner, Second Floor
Edinburg, Texas 78539 USA / 956.318.2260

*A P P E A R A N C E S:*

*HON. HUMBERTO SILVA*
*SBOT NO. 18351430*
*LAW OFFICE OF HUMBERTO SILVA*
*P.O. Box 2091*
*Donna, Texas  78537*
*Telephone:  956.463.4896*
*Facsimile:  956.259.8010*

        *ATTORNEY FOR CITY OF PORT ISABEL*


*HON. ROBERT COLLINS*
*SBOT NO. 04618100*
*ROBERT L. COLLINS & ASSOCIATES*
*P. O. Box 7726*
*Houston, Texas  77270-7726*
*Telephone:  713.467.8884*
*Facsimile:  713.467.8883*

        *ATTORNEY FOR CITY OF PORT ISABEL*


*HON. VICTOR RICARDO RAMIREZ*
*SBOT NO. 24048750*
*LAW OFFICE*
*905 E. Jackson Street*
*Brownsville, Texas 78520-5923*
*Telephone:  956.621.2446*
*Facsimile:  956.*

        *ATTORNEY FOR JUAN JOSE "J.J." ZAMORA AND MARTIN C. CANTU*


*HON. LUCIA MARIE CEASER*
*SBOT NO. 24074016*
*HON. MALORIE PEACOCK*
*SBOT NO. 24077293*
*THE COWEN LAW GROUP*
*62 E. Price Road*
*Brownsville, Texas 78521*
*Telephone:  956.541.4981*
*Facsimile:  956.504.3674*

        *ATTORNEYS FOR MARIA DE JESUS GARZA AND JOE E. VEGA*

OCTOBER 8, 2015

MORNING SESSION

P R O C E E D I N G S

THE COURT: Good morning. Be seated, please.

I think I left the file in the --

I'm going to call Cause Number DLC-02342. It's styled Juan Jose, J.J. Zamora and Martin Cantu versus City of Port Isabel, Texas.

Can I have the announcement of the parties, please.

Mr. Fisher, how are you doing?

MR. FISHER: I'm doing fine, Judge. Thank you.

THE COURT: I haven't seen you in a long time.

MR. FISHER: It has been a long time.

MR. COLLINS: Good morning, Your Honor.

Robert Collins.

THE COURT: Okay.

MR. COLLINS: City of Port Isabel.

MR. SILVA: Humberto Silva, Your Honor. I am the Movant, and City of Port Isabel as well.

THE COURT: Okay.

MS. CEASER: Good morning, Your Honor.

Lucia Ceaser and Malorie Peacock for The Cowen Law Group for Defendants Mayor Vega and Commissioner Garza.

THE COURT: Okay. Both of you together?

MS. CEASER: Yes.

THE COURT: Okay. The first motion that we have is you had a Motion to Show Authority?

MR. SILVA: Yes, Your Honor. And just, if I may, Your Honor. If you recall, this case was -- was mandated by the Court of Appeals to be heard on --

THE COURT: Yes. In fact, I was reading the order and I --

MR. SILVA: Right.

THE COURT: -- was mandated to have an immediate hearing and it's been awhile.

MR. SILVA: Yes, it is.

THE COURT: So --

MR. SILVA: And just for the record, Your Honor, it was scheduled for the 6th of August, and for whatever reason, it got reset. And then it was scheduled again for the 28th and there was a continuance at that time that was granted.

THE COURT: I think Mr. Collins was out.

MR. SILVA: Yes, he was out.

THE COURT: Unavailable at that time.

MR. SILVA: Right. I have another announcement, Your Honor.

MR. RAMIREZ: Good morning, Judge.

Victor Ramirez appearing on behalf of Mr. Cantu and Mr. Zamora.

THE COURT: Okay.

MR. SILVA: And so, Your Honor, we are here to urge, and as I understand it, Your Honor, the -- the Court of Appeals, basically, abated all proceedings just so that we can have this hearing heard.

THE COURT: Based on your motion, right?

MR. SILVA: Yes. On my Motion to Show Authority.

THE COURT: Okay.

MR. SILVA: And that's all I -- that's all I have to urge today, Your Honor. I don't know if there's any other motion that anybody would urge, but I think the mandate is pretty clear.

THE COURT: Okay. Mr. Collins.

MR. COLLINS: Yes, Your Honor. As a preliminary matter, and I think we just heard Mr. Silva correctly state that he is the Movant on --

THE COURT: Right.

MR. COLLINS: -- today's proceeding. The case of *Phillips v. Phillips* directs us that Mr. Silva has no standing to be the Movant. And we filed a response objecting to his motion on the grounds that he has no standing. That precise issue was raised in the Phillips case, 244 S.W.3d 433.

THE COURT: Okay.

MR. COLLINS: The precise issue was raised there because Rule 12 is the only ground upon which this can be based

and Rule 12 says a party must make a motion. Originally, under the Rule, as it existed, it only applied to plaintiffs in 1980 -- in the 1980s it was changed to apply to both parties so that either party can challenge the authority of the attorney for the other party -- for the other party.

THE COURT: Okay.

MR. COLLINS: What we have here is Mr. Silva, as an attorney, filing a motion challenging counsel for one of the parties. He's not a party. No party has made that motion. And based upon the Phillips case -- that's exactly what happened in the Phillips, Judge. One of the lawyers made the motion and the Court of Appeals said this is disposed of as a matter of law. That it must be a party. That no party has made that motion.

So we move to dismiss his motion and to have it denied as a matter of law because the Court of Appeals said it is a question of law on the grounds that no party has made that motion. Mr. Silva is the Movant; as the attorney, he has no standing to support the issue.

MR. SILVA: May I address the Court, Your Honor?

THE COURT: Yes, sir. I'm interested in the standing part of it.

MR. SILVA: Yeah, and that's the reason why we are here, Your Honor. And it's convenient for Mr. Collins to indicate that I -- I am not urging this motion on behalf of the party. Obviously, I am here on behalf of the City of Port

MR. COLLINS: Your Honor, I have a copy of the docket sheet. I have marked it as Exhibit 20 and I'd ask the Court to take judicial notice, it's on I-Docket, that I am counsel of record today for the City of Port Isabel. I've marked it as Defendant's Exhibit 20.

THE COURT: I have taken judicial notice of the document. I will admit that.

MR. COLLINS: Thank you, Your Honor. I would offer it. You want this?

THE COURT: Yes.

MR. COLLINS: Yes, sir.

THE COURT: Thank you.

Q. (BY MR. COLLINS) That's a copy of the docket sheet as of today, the active docket of that litigation between the City of Brownsville and the City of Port Isabel which reflects that I am the attorney for the City of Port Isabel as the city attorney.

There has not been any action by the City of Port Isabel or anybody out there claiming that I'm not representing the city as the city attorney in that lawsuit involving the City of Brownsville has there?

A. No.

Q. Now, let's go to these meetings that you were asked about. I think the first one you were asked about was Silva Exhibit 3. That's the May 19th meeting?

A.    I think that was the June 1st.  For Humberlo Silva?

Q.    Yes.  Well, Exhibit 3.  I think you marked it as Exhibit 3?

A.    Yes.  May 19th, yes.

Q.    And that's May 19th.  Now, I think you told us that you didn't post, as the city secretary of the City of Port Isabel, you posted no notice for that meeting, correct?

A.    Yes.

Q.    And I think you told us under the city charter the city secretary is required to be the person to post any notice of a valid meeting of the city, correct?

A.    Yes.

Q.    And that chart -- that's the charter that's in evidence before the Judge that requires that the city secretary, you as the city secretary, post any notice of any valid lawful meeting, correct?

A.    Yes.

Q.    In any event, with respect to this May 19th meeting that has been offered as Exhibit 3, you did not post any notice for that meeting, correct?

A.    Yes, that's correct.

Q.    Okay.  Now, let's look at those minutes.

At the time that this meeting occurred, May 19th, 2015, the Judge had already signed the Temporary Injunction and Mr. Cantu and Mr. Zamora were allowed to serve or sit as -- as

city commissioners based upon the Temporary Injunction in this case, right?

A. Yes.

MR. SILVA: I'm going to object to that, Your Honor. I think that calls for speculation, and also I think it's -- I think that the document is already in the Court's file and the Court can take judicial notice.

THE COURT: You have any personal knowledge about that, ma'am?

THE WITNESS: I'm sorry?

THE COURT: Any personal knowledge in response to that question?

THE WITNESS: No, I don't.

THE COURT: Okay.

Q. (BY MR. COLLINS) Let me ask it this way then. You were aware that the Court entered a Temporary Injunction Order, correct?

A. Yes. Yes.

Q. You were at the meeting where Mr. Zamora and Mr. Cantu had been removed by vote of the city commission as city commissioners?

A. Yes.

Q. You knew that there was litigation that came out of that?

A. Yes.

Q.   Correct?  You knew that I was defending the City of Port Isabel and the three commissioners in the official capacities as the city attorney on behalf of the city and that I'm representing the city in that litigation?  You knew that?

A.   Yes.

Q.   And that's common knowledge within the City of Port Isabel, the commissioners and the mayor know that?

A.   Yes.

Q.   With respect to this May 19th meeting, this May 19th meeting happened because Mr. Zamora and Mr. Cantu had filed a request for it, correct?

A.   Yes.

Q.   Now, in this meeting they had requested that the -- and it's in -- the minutes are in evidence, they had requested that the -- that the business of the meeting relate to this lawsuit, that is Item 1, which says what it says, terminate whatever this means, terminate any non-employee, contractual relationship for legal services between Robert Collins, or any affiliated entity in the City of Port Isabel effective immediately.  That was what Mr. Zamora and Mr. Cantu requested be on the agenda for that meeting, right?

A.   Yes.

Q.   And in fact, Mr. Zamora, one of the plaintiffs in the case, is the one who made the motion for that to be passed, correct?

A.   Yes.

Q.   Has anybody ever told you that there's a court order that says that Mr. Cantu and Mr. Zamora can ignore their own personal interest and conflicts of personal interest --

MR. SILVA:   I'm going to object to that, Your Honor.

Q.   -- in voting as city --

THE COURT:   Let him finish the question.

MR. COLLINS:   And so I can clarify it, Judge?

Q.   (BY MR. COLLINS)   Have you ever been informed of any court order, or have Mr. Zamora or Mr. Cantu told you in any way that they can vote even if they have a personal interest in the outcome of the vote?

A.   No.

Q.   You are aware, as the city secretary you have taken extensive training through TML and otherwise on conflict of interest, correct?

A.   Yes.

Q.   And if a city commissioner has a personal interest in the outcome of something, they're not allowed to vote on it, are they?

MR. SILVA:   I'm going to object.

A.   No.

MR. SILVA:   Object to that, Your Honor.   She is not an expert in -- in the issues of conflict of interest.

THE COURT: Ma'am, do you have any personal knowledge? I mean, do you have any legal knowledge of that?

THE WITNESS: Well, I know that they are not supposed to vote if it pertains to them.

THE COURT: Okay.

A. Uh-huh.

MR. COLLINS: And I can develop that, Judge.

Q. (BY MR. COLLINS) You have learned that because you have had special training through the City Secretary Association --

A. Uh-huh.

Q. -- through the Texas Municipal League, and through all the other information available to you as an official city secretary of a city in the State of Texas?

A. Yes.

Q. So you are familiar with the Conflict of Interest Rules and you have learned them because that's part of your job?

A. Yes.

Q. And it's part of your job to observe when an agenda is being placed that violates conflict of interest?

A. Yes.

Q. Or when a motion is being made that violates conflict of interest, or when a vote is taken that violates the conflict of interest?

A. Yes.

Q. So Mr. Zamora and Mr. Cantu, I mean, based upon what happened at that meeting, this Item Number 1 about contractual relationship with me. And let's look at Item Number 2. The meeting that Mr. Cantu and Mr. Zamora had set up Item 2: Action to vacate any finding that Cantu and Zamora were disqualified from office and to rescind any action taken to have removed them from office previously.

That was their Item 2, wasn't it?

A. Yes.

Q. That had already happened back in April. That's why we had a lawsuit and why the Judge had a hearing and the order then allowing them to go back and act as city commissioners. This is their first action, is that --

MR. SILVA: Judge, I'm going to object to going back to what was already heard by this Court back on April the 13th, Your Honor. I mean, he wants to have another bite at the apple on those issues. Those are on appeal, Your Honor. Whether the removal was proper or not back then --

MR. COLLINS: Objection to the speaking objection.

MR. SILVA: That's an issue that's on appeal, Your Honor, and we need to get to the issue of does he have authority to -- to go forward.

THE COURT: I think that's what the issue is today.

MR. SILVA: Yes.

MR. COLLINS: And the issue here is, Judge, they're trying to use this action by Mr. Zamora and Mr. Cantu to bootstrap themselves into claiming that there's no authority.

And what I'm -- what I'm proving to the Court, I believe, is that there's a conflict of interest these are invalid actions. And we'll have further testimony about that. That this was all invalid because they have personal conflict of interest.

So here's what's happened. The Court said you can go back. You can serve as city commissioners. I don't think the Court's order, and I can't believe the Court would intend that you can also go back and you can violate the Conflict of Interest Rules by voting.

MR. SILVA: Your Honor --

MR. COLLINS: That's nowhere in evidence.

MR. SILVA: I'm going to object. He's basically arguing --

MR. COLLINS: So they are trying to withdraw.

MR. SILVA: He's arguing --

COURT DEPUTY: One at a time, please. One at a time.

THE COURT: One at a time.

MR. COLLINS: So they are trying to claim I have no authority through action they later took for which is invalid

and void because they had conflict. That's all I'm establishing is that they are the ones who had the personal interest in this and I'm going down the list of what he put in evidence.

MR. SILVA: Your Honor, I'm going to object to all this -- all this -- all this --

THE COURT: What's your objection?

MR. SILVA: -- running narrative on the issue of -- of whether or not they were properly or not properly disqualified or removed, or whatever they want to call it.

THE COURT: Mr. Silva, let me just tell you something. I will let you guys speak as much as you want, but I'm the filter.

MR. SILVA: Right.

THE COURT: I'm going to consider what I think is valid and --

MR. SILVA: Okay.

THE COURT: -- I'm going to throw out stuff that's not valid. There's a lot of stuff that's been said already that I'm not even considering. But if you guys want to talk, you know, just waste time, I've got no problem with that.

MR. SILVA: Okay.

THE COURT: One thing I have right now, I have a lot of time. So let Mr. Collins talk until he's blue in the face. Let him say whatever he wants to say.

There's a record there. I want the record to be

clear. That way he can do whatever he needs to do, okay?

Go ahead.

MR. COLLINS: Thank you, Your Honor.

Q. (BY MR. COLLINS) So let's look at Item Number 2 on the minutes that they put into evidence, Ms. Alcocer. That was where Mr. Cantu and Mr. Zamora had requested that the commission consider rescinding or vacating the findings that they were disqualified from serving; is that right?

A. That's correct.

MR. SILVA: Your Honor -- I want to object again, Your Honor. She is not an attorney, Your Honor, to make these decisions. She is not a judge to make those decisions either, Judge. He's asking her --

THE COURT: What was your question again?

MR. COLLINS: I asked her if that's what this provides in these minutes --

MR. SILVA: He's asking --

MR. COLLINS: -- that --

MR. SILVA: -- her to make a conclusion, Your Honor.

THE COURT: Ask her the question again so I can --

MR. COLLINS: Yes, sir.

Q. (BY MR. COLLINS) Item 2 on the minutes -- you were at this meeting, correct, ma'am?

A.   Yes.

Q.   And you prepared minutes based upon what you understood happened at the meeting, right?

A.   Yes.

Q.   Now, Item 2 in this meeting, in this May 19th meeting, was requested by Mr. Cantu and Mr. Zamora to be on the agenda, right?

A.   Yes.

Q.   And in fact, Mr. Cantu seconded the motion with respect to Item 2, right?

A.   Yes.

Q.   And that motion that he seconded related to rescinding the finding that he was disqualified from being in office, right?

A.   Yes.

Q.   And then after he made the second to that motion when it was voted on, both he and Mr. Zamora both voted to rescind the previous finding that they were disqualified and removed from office, didn't they?

A.   Yes.

Q.   They both voted on the motion related to their position on the commission?

A.   Yes.

Q.   Prior to this meeting taking place, or actually at the beginning of this meeting at the top of that page of the

minutes, there's a statement by Mayor Vega. Do you see that? It's a large paragraph above new business.

MR. COLLINS: Judge, I have a copy if you want to --

THE COURT: No --

THE WITNESS: Yes.

THE COURT: -- I'd rather listen to the testimony.

Q. (BY MR. COLLINS) Mayor Vega made a statement there. It was a public statement that was made on the record. It was made with Mr. Zamora and Mr. Cantu sitting there listening to it, correct?

A. Yes.

Q. And in that statement, it says in here that Mayor Vega said that any effort by Mr. Cantu or Mr. Zamora to interfere in the lawsuit, to interfere in representation by Mr. Collins of the city, to rescind any action against them, that anything like that would be a conflict of interest and null and void. He gave that notice. He did it orally and it's in the minutes, correct?

A. Yes.

Q. And it was only after the mayor made that statement that any action by Mr. Cantu or Mr. Zamora will be void, only after that did they bring up these items of new business, make the motions and seconds to pass them and then they both voted in favor of passing the bill, correct?

A. That's correct.

Q. And in each of those instances, as the city secretary, it's your position they had a personal conflict of interest and those are invalid actions?

MR. SILVA: I would object to that, Your Honor. Again, he's asking her to make conclusions --

THE COURT: That's sustained.

MR. SILVA: -- and she's not qualified.

MR. COLLINS: Yes, sir.

Q. (BY MR. COLLINS) So let's look at Item 3 on the agenda that Mr. Zamora and Mr. Cantu had placed. In that item, Mr. Zamora seconded that motion, right?

A. Yes.

Q. And both Mr. Cantu and Mr. Zamora voted in favor of it, correct?

A. Yes.

Q. Now, without a second, the motion wouldn't even be considered, would it?

A. No.

Q. I mean, in the City of Port Isabel under the rules that you operate under for procedure, if there's no second, then there's no motion to be voted on, correct?

A. That's correct.

Q. So in -- in -- with respect to Item Number 1, Mr. Zamora made the motion, he had a conflict for that in your view

why we're here is that Mr. Collins --

THE COURT: That exhibit is admitted. I don't care how it's labeled, but it's admitted.

MR. RAMIREZ: Well, just for clarity, that he -- we are here just for the fact that Mr. Collins doesn't represent the City of Port Isabel. Just to the make that clear for the record, Judge.

MR. COLLINS: Is it admitted?

THE COURT: We'll worry about labeling later, but Exhibit 1 --

MR. RAMIREZ: Yes, Your Honor.

THE COURT: -- will be admitted.

MR. COLLINS: Thank you, Your Honor.

Q. (BY MR. COLLINS) Ms. Alcocer, let's look at the notice of the special meeting that was posted by someone. I think earlier you testified that Mr. Cantu and Mr. Zamora posted it.

A. Yes.

Q. On the first part of the notice that you placed on an official meeting for the City of Port Isabel, you referenced the city charter provision under which the meeting is going to be held, don't you, ma'am?

A. Yes.

Q. And, generally, in the notices that you posted, you created as city secretary pursuant to the city charter which

requires you to be the person to do that, doesn't it?

A. Yes.

Q. And when you do that, you refer to Section 2.02 of the city charter as the basis for the meeting to be convened?

A. Yes.

Q. Here, on what's in evidence, the -- the plaintiffs in this case filed something in accordance with Section 2.11 of the city charter. You see that? On the document that they had posted?

A. No, I don't.

Q. Where it says notice is hereby given?

A. On that other one? Oh, okay.

Q. That's what it says, isn't it?

A. Yes.

Q. 2.11. But there is no 2.11 in the city charter, is there?

A. No, there isn't.

Q. So far as you're concerned as the city secretary, then no proper notice was given for the May 19th meeting --

MR. SILVA: I'm going to object.

THE COURT: Sustained. That's sustained.

Q. (BY MR. COLLINS) So let's go then to that next meeting, June the 1st. You have before you there Exhibit 5 that Mr. Silva offered?

A. Uh-huh.

Q. Do you have it?

A. Yes.

Q. Okay. Ma'am, that Exhibit 5 is the June 1st meeting. And it shows that the approval of the May 19th -- you were asked about the approval of the May 19th minutes. The approval of the May 19th minutes is on the bottom of Exhibit 5, isn't it, Item 1?

A. Yes.

Q. D-1. And the people who approved that May 19th commission meeting minutes were Commissioner Martin Cantu made the motion and Commissioner Zamora made the second and the two of them voted in favor of approving those minutes, correct?

A. Yes.

Q. And, again, that May 19th meeting related to matters concerning this lawsuit, right?

A. Yes.

Q. Then on the second page of Exhibit 5, Mr. Zamora made a motion; Mr. Cantu seconded it to go into a closed session, right?

A. Yes.

Q. Okay. The notice of what would be considered in that closed session was -- you don't have that notice with you, do you?

A. No.

MR. COLLINS: May I approach, Your Honor? I have

marked this as Port Isabel No. 2.

THE COURT: Yes, you may.

MR. COLLINS: Just so we can have something to keep it separate.

Q. (BY MR. COLLINS) Show you what's been marked as Port Isabel No. 2. That's the notice of that June 1st meeting?

A. Yes.

Q. And this one is signed by you as the city secretary, right?

A. Yes.

Q. The only thing that's on here is -- under this notice is closed session. And no information is given about what would be considered in closed session other than pending, or contemplated litigation on Items 2 and 3, right?

And it talks about the parties, or some parties. On Item 2 it says litigation between City of Port Isabel and the City of Brownsville concerning -- regarding the annexation. Do you see that?

A. Yes.

Q. And that's the one we talked about earlier where the docket sheet reflects that I'm the attorney representing the city in that case that was considered in closed session on June the 1st.

Item 3 there relates to -- it doesn't have the cause number of any case, does it?

A.   No.

Q.   Item 3 says city of -- deliberation regarding the City of Port Isabel, Texas, semicolon, Maria de Jesus Garza, semicolon, Guillermo Torres and Joe E. Vega versus Juan Jose J.J. Zamora and Martin C. Cantu pursuant to government code pending or contemplated litigation.

Are you aware of any lawsuit where the City of Port Isabel sued Mr. Zamora or Mr. Cantu?

A.   No.

Q.   So if you looked at this and said City of Port Isabel, Garza Torres and Vega versus Zamora and Cantu, that's not a pending lawsuit at that time, is it?

MR. SILVA:  Objection, Your Honor.  It's calling for speculation and he's asking her --

THE COURT:  Do you have any idea, ma'am?

THE WITNESS:  No.

Q.   (BY MR. COLLINS)  It's not -- it wasn't pending litigation at that time of any lawsuit?

MR. SILVA:  I'm going to object to that again, Your Honor.

THE COURT:  Ma'am, do you have any knowledge of that?

THE WITNESS:  No.

THE COURT:  Okay.  Ask another questions.

MR. COLLINS:  Yes, sir.

Q.    (BY MR. COLLINS)  So then after that notice we go to the Exhibit 5.  And Exhibit 5, Item 2 indicates that the lawsuit with the City of Brownsville, that I put the docket sheet into evidence for, was discussed, right?

A.    Yes.

Q.    Item 2.  It was discussed, but no action was taken, right?

MR. SILVA:  I'm going to object to that, Your Honor.  I think the minutes speak for themselves, Your Honor.

THE COURT:  Ma'am, do you have any idea?

THE WITNESS:  I don't because it was discussed under closed session and they came out and say what they discussed in close session to approve.

THE COURT:  You have no idea what was determined?  No.

THE WITNESS:  To proceed with the --

THE COURT:  Ask another question, please.

MR. COLLINS:  Yes.

Q.    (BY MR. COLLINS)  Item 3, that's -- that's -- I noticed you were struggling with reading that?

A.    Because I didn't understand.

Q.    Because it's gibberish, isn't it?

MR. SILVA:  Objection, Your Honor.

Q.    Because it's nonsense.  It doesn't make sense in the English language, does it?

A.   No.

Q.   It doesn't.  It doesn't make any sense -- the item there concerning what happened, Commission Martin C. Cantu motioned and voted 3 for and one against, you can't tell what they were voting about there, can you, from the words that are in these minutes?  It's nonsense, isn't it?

MR. SILVA:  Objection, Your Honor.

Q.   (BY MR. COLLINS) As it is written here?

THE COURT:  Ma'am, if you don't know the answer to that just say you don't know the answer to that.  It's very simple.  I don't want you to have to stress or guess something, okay?

THE WITNESS:  Okay.

Q.   (BY MR. COLLINS)  You don't have to guess, but when you read this fairly, Ms. Alcocer, as the city secretary for the City of Port Isabel, a person in the public couldn't tell what happened here, could they?

A.   No.

MR. SILVA:  I want to object to that.  Calls for speculation as to what the public can or cannot --

THE COURT:  That's sustained.  That's sustained.

Q.   (BY MR. COLLINS)  The Item 3 minutes here, as the city secretary, do they make any sense to you?

A.   No.

Q.   The person who signs these minutes, again, is Martin

A. Until 2005, yes.

Q. Yes, sir. And since then you have worked with him in a lot of other capacities?

A. Not with him. I have worked for many cities and he's worked for those cities as well, in some cases, a couple of cases actually. Actually, only two to tell you the truth.

Q. There is no written representation agreement between the city of Port Isabel and Mr. Silva, correct?

A. No.

Q. There is no document that would reflect that he's the lawyer working for the City of Port Isabel as an agreement or memorandum of representation or fee agreement or anything of that nature, correct?

A. No.

Q. I am correct; is that right?

A. Yes, there's no document.

Q. Okay. And I think you said it earlier. What you have testified to, the purpose of Mr. Silva being retained is to terminate the appeal of this lawsuit, correct?

A. Well, the purpose is to represent the city. The instruction he was given was to terminate the appeal.

Q. So the whole purpose of your effort here to have Mr. Silva represent the city in this lawsuit is to have him terminate the appeal of this case that's pending before the Thirteenth Court of Appeals, correct?

to, you know, entities that he continues to represent Port Isabel?

A. I'm very surprised.

Q. Has this ever happened to you in your 22 years of experience as being a council member?

A. I have seen at least ten different city attorneys come and go and where I was involved once they were terminated they were gone and, you know, we start anew with the new attorney.

Q. Now, with regards to the way the agenda item wound up, I guess, being posted, had it been -- had it been posted prior to the Saturday giving notice of Exhibit No. 3, which was the May the 19th setting?

A. Uh-huh.

Q. Yes?

A. Yes.

Q. Okay. And to your understanding was it -- was it removed or ordered to be removed by Mr. Collins?

A. Yes, because Martin and I asked to be posted, then I was told that I couldn't be so -- because the city manager refused to answer the phone and talk to me and, you know, I was completely left in the black and so Martin called back later that after Jeffrey had been elected that it was better for him and Jeffery to put the item on the agenda so --

Q. Now, as far as the --

MR. RAMIREZ: Pass the witness, Judge.

THE COURT: Mr. Collins.

MR. COLLINS: Yes, Judge. I have one witness.

THE COURT: Go ahead.

MR. COLLINS: Dennis Houfek. I don't think Mr. Houfek was sworn earlier with all this.

THE COURT: Step forward, sir.

Raise up your right hand, sir.

(Witness sworn.)

THE COURT: Have a seat.

MR. COLLINS: May I proceed?

THE COURT: Yes, sir.

DENNIS HOUFEK,

having been duly sworn, testified upon his oath as follows, to-wit:

DIRECT EXAMINATION

BY MR. COLLINS:

Q. Would you state your name, please.

A. My name is Dennis Houfek, H-O-U-F-E-K.

Q. You're a licensed practicing attorney in Texas?

A. I am.

Q. How long have you been a lawyer?

A. I was licensed in 1978.

Q. The first part of your career you served as a special agent for the FBI?

A. I did.

Q.    After leaving service of the FBI you went off into private practice as a lawyer?

A.    Yes, I did.

Q.    As part of that work, since 2006, have you worked with me as an assistant city attorney for the City of Port Isabel?

A.    I have.

Q.    Have you appeared in court on behalf of the City of Port Isabel and executed transactions on behalf of the City of Port Isabel in that capacity?

A.    I have.

Q.    As part of your special knowledge of this area, have you attended courses of training on the issues of conflict of interest for members of the public entity such as the City Commission of Port Isabel?

A.    Yes, I have.

Q.    That would include courses from Texas Municipal League and other legal-education-type courses and special study of those issues as related to your service as the assistant city attorney?

A.    Yes, sir.

Q.    You attended city commission meetings and gave advice to the city on conflict of interest?

A.    Yes.

Q.    Gave advice to the city commissioners and the mayor and city officials on their conflicts of interest with respect

of the meeting reflected by Exhibit 3 giving them notice, I believe just before new business, that any actions that they might take with respect to those items would be a conflict of interest.

Is that what you're referring to -- is that -- that concept that Mayor Vega set forth in the statement what you're referring to?

A. Yes.

Q. So with respect, for example, to the termination or change of city attorney, dismissal of the appeal of this case that we're here about, replacing the city manager with someone that they selected, and then moving to rescind the authority to hire counsel or to defend this case, are those matters about which Mr. Cantu and Mr. Zamora would have had a conflict of interest on?

A. Yes, sir.

Q. Does that render their actions with respect to those matters on Exhibit 3 and Exhibit 5 invalid?

A. I believe it does.

Q. You heard the city secretary's testimony with respect to Exhibit 5, Item Roman Numeral 7.3 for the city secretary I think testified that that was nonsense and gibberish. Are you able to discern to the level that the public must receive notice for an item action like that 7.3, are you able to discern what this -- what these minutes tell us about the action that was

Q. So is the meeting then a valid meeting and would the action then taken at that meeting be valid?

A. Well, yes, it would.

Q. It would be valid?

A. Was invalid.

Q. Invalid?

A. Yes.

Q. I'm sorry. Let's be clear that we're communicating. Would the action taken at the May 19th meeting be invalid based upon the city secretary not posting the notice?

A. It would be invalid.

Q. Okay.

MR. COLLINS: I'll pass the witness.

MR. RAMIREZ: May I proceed, Your Honor?

CROSS EXAMINATION

BY MR. RAMIREZ:

Q. Mr. Pochek (*sic*)?

A. Houfek.

Q. I'm sorry.

A. Houfek.

Q. Okay.

A. H-O-U-F-E-K.

THE COURT: Houfek.

Q. (BY MR. RAMIERZ) Sir.

A. You will remember next time, right?

MR. COLLINS: And that's why I just needed to offer that stipulation of the evidence.

Of course, we would also ask that the Court consider all the affidavits and pleadings on file.

THE COURT: I'm going to consider everything that I have before me and I will give it whatever weight it deserves.

MR. COLLINS: Thank you, Your Honor.

THE COURT: Okay.

MR. COLLINS: I think Mr. Cowan's office has something to add.

MS. CEASER: Yes, Your Honor. I do have, if it may please the Court, I'd like to go ahead and approach the Court and hand you a copy of Michael Cowan's response to the Motion to Short Authority and Strike Briefs filed in the Thirteenth Court of Appeals.

THE COURT: Is that just a memo or?

MS. CEASER: It's a reply, Your Honor, that's filed. It was not filed in the state court.

THE COURT: Have you received a copy of this?

MS. CEASER: They have, Your Honor. Everyone has.

MR. SILVA: That was, again, filed at the Court of Appeals in response to my Motion to Show Authority over there.

THE COURT: Okay.

# Exhibit D

'MINUTES OF A SPECIAL MEETING OF THE CITY OF PORT ISABEL COMMISSION

| | |
|---|---|
| DATE: | June 01-2015 |
| TIME: | 6:00 p.m. |
| PLACE: | City Hall Chambers Meeting Room |
| MEMBERS PRESENT: | Joe E. Vega, Mayor |
| | Juan Jose "JJ" Zamora, Commissioner Place No. 1 |
| | Martin C. Cantu, Commissioner Place No. 3 |
| | Jeffery David Martinez, Commissioner No.4 |
| | City Attorney, Gilbert Hinojosa |
| | Jared Hockema, Interim City Manager |
| | Susie Alcocer, City Secretary |
| | |
| MEMBERS ABSENT: | Maria de Jesus "MJ" Garza, Commissioner Place No. 2 |
| | |
| ALSO PRESENT: | Rey Puente, Andrea Fazioli, Tommie Elium, |

## ORDER OF BUSINESS

I.   **CALL TO ORDER**
     Mayor Joe E. Vega called the meeting to order at 6:00 pm.

II.  **INVOCATION**
     David Woolverton gave the invocation.

III. **PLEDGE OF ALLEGIANCE**
     City Commission led the Pledge of Allegiance.

IV.  **PUBLIC COMMENT/OPEN FORUM: PLEASE NOTE:**
     o  Any person with business before the Commission, **not** scheduled on the Agenda as a Public hearing may speak to the commission.

     o  **Public Comment Forms** are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]

     o  **Public Comment Forms** must be filled out and presented to the City no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.

     o  The speaker must state his/her full name before speaking.

     o  There is a three (3) minute time limit per speaker.

     o  **Public Comment Forms** are not accepted after 5:45 p.m.

     o  PowerPoint Presentations are not conducted during the public comment period.
        None

V.   **Consent Agenda Items:**
     All Consent Agenda items listed are considered to be routine by the City Commission and will be approved by one motion. There will be no separate discussion of these items unless a City Commissioner so requests, in which event the item will be removed from the Consent Agenda and considered in its normal sequence on the Agenda.

     1. **Consideration and action to approve the Minutes of the following meetings:**
        • **May 19, 2015 Special City Commission Meeting**
        Commissioner Martin C. Cantu motioned second by Commissioner Juan Jose "JJ" Zamora the City Commission voted three (3) for and one (1) abstains with Mayor Joe E. Vega to approve the Minutes for May 19, 2015. Motion carried.

**VI. CLOSED SESSION**

Commissioner Juan Jose "JJ" Zamora motioned second by Commissioner Martin C. Cantu and all voting "aye" to go into closed session at 6:07 pm.

1. **Deliberation regarding potential lease agreement with Sub Sea 7, Pursuant to Texas Government Code, Section 551.072, real property.**

2. **Deliberation regarding litigation between the City of Port Isabel and the City of Brownsville regarding annexation, pursuant to Texas Government Code, Section 551.071(1)(A), pending or contemplated litigation.**

3. **Deliberation regarding City of Port Isabel, Texas; Maria de Jesus Garza; Guillermo Torres and Joe E. Vega vs. Juan Jose "JJ" Zamora and Martin C. Cantu, pursuant to Texas Government Code, Section 551.071(1)(A), pending or contemplated litigation.**

**VII. OPEN SESSION**

Commissioner Juan Jose "JJ" Zamora motioned second by Commissioner Jeffery David Martinez and all voting "aye" to come out of closed session at 7:07 with not official action taken.

1. **Deliberation regarding potential lease agreement with Sub Sea 7, Pursuant to Texas Government Code, Section 551.072, real property.**
   Commissioner Juan Jose "JJ" Zamora motioned, second by Commissioner Jeffery David Martinez and all voting "aye" to approve the last Obligation Ground Lease submitted by Subsea 7 to Interim City Manager Jared Hockema with the condition that the performance to the environmental portion to the lease be guaranteed by Subsea Us.

2. **Deliberation regarding litigation between the City of Port Isabel and the City of Brownsville regarding annexation, pursuant to Texas Government Code, Section 551.071(1)(A), pending or contemplated litigation.**
   Commissioner Martin C. Cantu motioned, second by Commissioner Jeffery David Martinez and all voting "aye" to approve City attorney Gilbert Hinojosa to proceed what they discussed in closed session.

3. **Deliberation regarding City of Port Isabel, Texas; Maria de Jesus Garza; Guillermo Torres and Joe E. Vega vs. Juan Jose "JJ" Zamora and Martin C. Cantu, pursuant to Texas Government Code, Section 551.071(1)(A), pending or contemplated litigation.**
   Commissioner Martin C. Cantu motioned, second by Commissioner Jeffery David Martinez the City Commission voted three (3) for and one (1) abstains with Mayor Joe E. Vega Robert Collins that he doesn't represent the City in this matter and second to retain services of Humberto Silva to represent the city in this matter and that the appeal be terminated. Motioned carried.
   Mayor Joe E. Vega abstains he would like to consult with his counsel on this matter.

**VIII. ADJOURNMENT**

Commissioner Martin C. Cantu motioned, second by Commissioner Jeffery David Martinez and all voting "aye" to adjourn at 7:10 pm.

CITY OF PORT ISABEL, TEXAS

_Martin Cantu_

Martin C. Cantu, Mayor- Pro-Temp

ATTEST:

_Susie Alcocer_

Susie Alcocer, CITY SECRETARY
CITY OF PORT ISABEL, TEXAS

## MINUTES OF A SPECIAL MEETING OF THE CITY OF PORT ISABEL COMMISSION

| | |
|---|---|
| DATE: | May 19, 2015 |
| TIME: | 7:00 p.m. |
| PLACE: | City Hall Chambers Meeting Room |
| MEMBERS PRESENT: | Joe E. Vega, Mayor |
| | Juan Jose "JJ" Zamora, Commissioner Place No. 1 |
| | Maria de Jesus "MJ" Garza, Commissioner Place No. 2 |
| | Martin C. Cantu, Commissioner Place No. 3 |
| | Jeffery David Martinez, Commissioner No.4 |
| | Edward Meza, City Manager |
| | Susie Alcocer, City Secretary |
| | Rene Nava, Finance Director |
| | |
| MEMBERS ABSENT: | none |

ALSO PRESENT: Rey Puente, Ken Jeneschek, Pam Ochoa, J. Alfonso, Frank Davalos, Andrea Fazioli, Lulu Nunez, Concha West, Tommie Elium, Jim Elium, Agustin Villa, Ron & Cecelia Bliss, Pam Ochoa, Wanda & Bob Rice, Sandra Cruz, Joe Humby, Greg Cruz, Alex Alcantara, Glenda Stafford, Juanita Stringfield, Jane Williams Voncellina Zamora, Roger Peterson, Ellen Snyder, Gary Snyder, Ray Rios, Maria Alvarez, Manuel Patlan

## ORDER OF BUSINESS

### I. CALL TO ORDER
Mayor Joe E. Vega called the meeting to order at 7:00 pm.

### II. INVOCATION
Commissioner Maria de Jesus "MJ" Garza gave the invocation.

### III. PLEDGE OF ALLEGIANCE
City Commission led the Pledge of Allegiance.

### IV. PUBLIC COMMENT/OPEN FORUM: PLEASE NOTE:
- Any person with business before the Commission, not scheduled on the Agenda as a Public hearing may speak to the commission.

- Public Comment Forms are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]

- Public Comment Forms must be filled out and presented to the City no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.

- The speaker must state his/her full name before speaking.

- There is a three (3) minute time limit per speaker.

- Public Comment Forms are not accepted after 6:45 p.m.

- PowerPoint Presentations are not conducted during the public comment period.
  Margie Jacobs Employee of the City of Port Isabel approached the City Commission with a general comment. She stated that her heart was very sad she has been working in the best place in world. She stated that in the past few months' negativity has been taken over a lot of positive that the city has done. She would like to share the positive that is going on right now: Today on Facebook the Texas Downtown Association placed Port Isabel 28 best places to live from 100 places. The one thing that really hurts us was education and right now one of our projects is the 2 year Culinary Art Institute at the Yacht Club. The second page that was shown on Facebook was also from the Texas Downtown Association the best place to rise your children from 100 Port Isabel came in at 88. There are 1000 of cites in the state of Texas and for Port Isabel to qualify that is how exceptional it is to live in

Port Isabel. The reason that the City of Port Isabel made these two is list is we have a quality staff and quality leadership that has been going for a long time.

Mayor Joe E. Vega stated he wants to read a statement and asked to place it on minutes for the record:
The City Commission previously voted to remove Commissioner Juan Jose "JJ" Zamora and Commissioner Martin C. Cantu from office. After consulting with my counsel, I believe that this removal was lawful. Thant being said, a local court has entered a temporary order permitting Commissioner Zamora and Commissioner Cantu to vote at this meeting. This is only a temporary order and, based on my consultation with counsel, I am appealing it. If the court of appeals or Texas Supreme Court grants my appeal, Commissioner Zamora's vote will not count and everything that I anticipate will happen today will be undone. I also believe that Commissioner Cantu and Commissioner Zamora as the persons who brought a lawsuit against the City, and ethical conflict which should prohibit them from voting on matters related to that lawsuit. Any vote to remove the City Attorney or City Manager by Commissioner Zamora and Commissioner Cantu is also a violation of their ethical duty as they have a conflict of interest since these actions are designed to cause the City to abandon its right to appeal that order as well. I object to Commissioner Zamora voting on any matter and consider any vote he may make to be null and void. In relation to the items they have been placed on the agenda tonight, I believe they constitute a conflict of interest for both Commissioner Zamora and Commissioner Cantu and I believe that if they vote on any such matter that there vote will be illegal and null and void. That being said, I am going to comply with the order of the court, and will allow Commissioner Zamora and Commissioner Cantu to participate and for them to be able to claim to vote subject to my pending appeal and objections,

## V. NEW BUSINESS

1. **Consideration and possible action to terminate any non-employee contractual relationship for legal services between Robert Collins, or any affiliated entity, and the City of Port Isabel, effective immediately.**
   Commissioner Juan Jose "JJ" Zamora motioned, second by Commissioner Jeffery David Martinez City Commission the City Commission voted three (3) for and two (2) against with Mayor Joe E. Vega and Commissioner Maria de Jesus "MJ" Garza voting against to terminate any non-employee contractual relationship for legal services between Robert Collins, or any affiliated entity, and the City of Port Isabel, effective immediately. **The motion carried.**

2. **Consideration and possible action to vacate any finding by the Port Isabel City Commission on April13, 2015 that Martin Cantu and J.J. Zamora were disqualified from office, and to rescind any action taken to remove them.**
   Commissioner Jeffery David Martinez motioned, second by Commissioner Martin C. Cantu City Commission the City Commission voted three (3) for and two (2) against with Mayor Joe E. Vega and Commissioner Maria de Jesus "MJ" Garza voting against to vacate any finding by the Port Isabel City Commission on April13, 2015 that Martin Cantu and J.J. Zamora were disqualified from office, and to rescind any action taken to remove them. **The motion carried.**

3. **Consideration and possible action to rescind approval of the retention of outside counsel to represent the city and members of the city commission in pending and/or threatened litigation, and to rescind approval to pay any fees incurred by outside counsel, effective May 6, 2015, consistent with a finding under Ordinance Number 364 that the pending and/or contemplated litigation to which members or former members of the city commission may be a party does not arise from actions taken for or on behalf of the city, and further finding that such fees are not reasonable.**
   Commissioner Jeffery David Martinez motioned, second by Commissioner Juan Jose "JJ" Zamora City Commission the City Commission voted three (3) for and two (2) abstains with Mayor Joe E. Vega and Commissioner Maria de Jesus "MJ" Garza abstain to rescind approval of the retention of outside counsel to represent the city and members of the city commission in pending and/or threatened litigation, and to rescind approval to pay any fees incurred by outside counsel, effective May 6, 2015, consistent with a finding under Ordinance Number 364 that the pending and/or contemplated litigation to which members or former members of the city commission may be a party does not arise from actions taken for or on behalf of the city, and further finding that such fees are not reasonable. **The motion carried.**

4. **Consideration and possible action to rescind approval of the retention of outside counsel to investigate and/or prosecute potential violations of the city charter, and other matters.**
   Commissioner Jeffery David Martinez motioned, second by Commissioner Martin C. Cantu City Commission the

City Commission voted three (3) for and two (2) abstain with Mayor Joe E. Vega and Commissioner Maria de Jesus "MJ" Garza voting abstain to rescind approval of the retention of outside counsel to investigate and/or prosecute potential violations of the city charter, and other matters. **The motion carried.**

5. **Consideration and possible action to appoint a city attorney.**
   Commissioner Martin C. Cantu motioned, second by Commissioner Juan Jose "JJ" Zamora the City Commission voted three (3) for and two (2) abstain with Mayor Joe E. Vega and Commissioner Maria de Jesus "MJ" Garza abstains to appoint a city attorney. **The motion carried.**

6. **Discussion and potential action to approve Resolution No. 05-19-15-01: A Resolution by the City Commission of Port Isabel, Texas to appoint or re-appoint one (1) member to the Port Isabel Economic Development Board. [Commissioner Jeffery David Martinez]**
   Commissioner Martin C. Cantu motioned, second by Commissioner Juan Jose "JJ" Zamora and all voting "aye" to approve Resolution No. 05-19-15-01: A Resolution by the City Commission of Port Isabel, Texas to appoint Jeffery David Martinez to the Port Isabel Economic Development Board.

## VI.  CLOSED SESSION
Commissioner Martin C. Cantu motioned Second by Commissioner Maria de Jesus "MJ" Garza and all voting "aye" to go into closed session at 7:16 pm.

A.  To deliberate the appointment, employment, evaluation, reassignment, duties, disciplines, or dismissal of the city attorney, pursuant to the Texas Open Meetings Act, Section 551.074 (l)(a).

B.  To deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the city manager pursuant to the Texas Open Meetings Act, Section 551.074 (l)(a).

C.  To deliberate the appointment, employment or duties of an interim city manager, pursant to the Texas Open Meetings Act, Section 551.074 (1)(a).

## VII.  ACTION TAKEN FROM CLOSED SESSION; IF ANY.
Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Martin C. Cantu to come out of closed session at 7:51 with no official action taken.

A.  To deliberate the appointment, employment, evaluation, reassignment, duties, disciplines, or dismissal of the city attorney, pursuant to the Texas Open Meetings Act, Section 551.074 (l)(a).
   This items was tabled they took action on New Business Item No. 1.

B.  To deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the city manager pursuant to the Texas Open Meetings Act, Section 551.074 (l)(a).
   Commissioner Martin C. Cantu motioned, second by Commissioner Jeffery David Martinez City Commission the City Commission voted three (3) for and two (2) against with Mayor Joe E. Vega and Commissioner Maria de Jesus "MJ" Garza voting against to terminate the City Manager, Edward Meza effective immediately.
   Commissioner Juan Jose "JJ" Zamora included also that the City Manager, Edward Meza turn in all the keys to the city. **The motion carried.**

C.  To deliberate the appointment, employment or duties of an interim city manager, pursant to the Texas Open Meetings Act, Section 551.074 (1)(a).
   Commissioner Martin C. Cantu motioned, second by Commissioner Jeffery David Martinez and all voting "aye" to hire Jared Hockema as the Interim City Manager at this time until the new City Manager is hired.

## XII. ADJOURNMENT

Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Martin C. Cantu and all voting "aye" to adjourn at 7:51 pm.

CITY OF PORT ISABEL, TEXAS

Martin C. Cantu, Mayor Pro-Temp

ATTEST:

Susie Alcocer, CITY SECRETARY
CITY OF PORT ISABEL, TEXAS

**THE STATE OF TEXAS** §
**COUNTY OF CAMERON** §
**CITY OF PORT ISABEL** §



Juan Jose "JJ" Zamora, Sr., CITY COMMISSIONER PLACE 1     Maria de Jesus "MJ" Garza, CITY COMMISSIONER PLACE 2
Martin C. Cantu, CITY COMMISSIONER PLACE 3                Guillermo "Memo" Torres, CITY COMMISSIONER PLACE 4

Joe E. Vega, MAYOR

# NOTICE OF AN EMERGENCY SPECIAL MEETING
# OF THE PORT ISABEL CITY COMMISSION
## NOTICE IS HEREBY GIVEN

This notice is given for an Emergency Meeting Special Meeting of the City Commission pursuant to Section 551.045 of the Texas Government Code as the City has been unable to hold a Commission Meeting due to a Court Order prohibiting any Commission Meeting which constitutes a reasonably unforeseeable situation. The Commission needs to retain and consult with Counsel, to act on pending personnel matters requiring approval and to approve release of an easement that is urgently required by a property owner to proceed with a development. Pursuant to Chapter 551, Title 5 of the Texas Government Code, the Texas Open Meetings Act, notice is hereby given that the Port Isabel City Commission in accordance with Article II, Section 2.11 of the Charter of said City, will convene an Emergency Special Meeting at the City Commission Chambers Meeting Room, located at 305 E. Maxan Street on Friday, April 24, 2015 at 4:00 p.m. for the purpose of discussing the following items:

**NOTE:** The City Commission of the City of Port Isabel reserves the right to discuss any items in Closed Session whenever authorized under the Texas Open Meetings Act, Chapter 551, of the Texas Government Code. The City Commission may discuss the items on this agenda in any order.

---

The City of Port Isabel does not discriminate on the basis of disability in the admission of, access to, treatment of, or employment in its programs, activities, or public meetings. Any individual with a disability in need of an accommodation is encouraged to contact the Office of the City Secretary at 956-943-2682 at least 24 hours prior to the scheduled meeting to make proper arrangements.

---

## ORDER OF BUSINESS

**I.   CALL TO ORDER**

**II.  INVOCATION**

**III. PLEDGE OF ALLEGIANCE**

**IV.  PUBLIC COMMENT/OPEN FORUM: PLEASE NOTE:**
- Any person with business before the Commission, **not** scheduled on the Agenda as a **Public hearing** may speak to the commission.
- Public Comment Forms are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]
- Public Comment Forms must be filled out and presented to the City Secretary no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.
- The speaker must state his/her full name before speaking.
- There is a three (3) minute time limit per speaker.
- Public Comment Forms are not accepted after 11:45 a.m.
- PowerPoint Presentations are not conducted during the public comment period.

1

## V.  COMMENT BY CITY COMMISSION AND CITY MANAGER:

Any member of the City Commission and the City Manager may comment on any matter and receive information from staff about the current city position on any matter, but the City Commission will not take formal action.

## VI.  NEW BUSINESS

1.  Discussion and potential action to approve Resolution No. 04-24-2015-01: A Resolution opposing the insurance immunity bill before the Texas Legislature. **[City Attorney Robert L. Collins]**

2.  Consideration and action to authorize City Manager to execute proposed release of restrictive covenant and obligations related to two (2) tracts of land being a part of the 1172 acres of land patented in the City of Port Isabel by the State of Texas by Patent No. 333 Volume 58-A recorded in Volume 230 page 510 deed that certain 346.04 acre tract decreed to the City of Port Isabel by Judgement in Cause no. 12161 as recorded in Volume 29 pages 1-3 of the Civil Minutes of the District Court Cameron County Texas. **[City Manager, Ed Meza/Attorney Denise Sanchez ]**

3.  Discussion and potential action to approve a request by Naismith Engineering Inc.,
    to subdivide lot 1 into lot 1A & lot 5 block 1 located on lot 1 block 1 Port Center. The
    dimension on lot 5 changed from the original request to re-plat.
    **[This item was approved on the Regular Meeting of the Planning & Zoning Board]**
    **[Building Inspector, Larry Ellis]**

4.  Discussion and potential action to consider whether to approve the application by A-Taxi Company for a taxi permit for 2015. **[Fire Marshal, Rodrigo Garcia]**

## VII.  CLOSED SESSION

1.  Personnel Matters pursuant to Section §551.074 of the Texas Government Code to deliberate the appointment, employment, evaluation, re-assignment, duties, discipline, or dismissal of a public officer or employee:
    - ❖ City Manager
    - ❖ EDC Director
    - ❖ EDC Administrator
    - ❖ Finance Director
    - ❖ City Secretary
    - ❖ Building Inspector
    - ❖ Police Chief
    - ❖ EMS Director
    - ❖ Fire Marshal
    - ❖ Museum Director
    - ❖ Library Director
    - ❖ Public Works Director
    - ❖ Municipal Judge
    - ❖ Assistant  Municipal Judge
    - ❖ Animal Control Officer
    - ❖ Systems Administrator

2.  Pursuant to Section §551.071 of the Texas Government Code, authorizing a governmental body to consult with its attorney in an executive session to provide advice an legal counsel concerning threatened or pending litigation or other privileged and confidential legal advice regarding:
    - • Brownsville annexation issues and pending litigation
    - • Colair Inc.

2

**VIII.    ACTION TAKEN FROM CLOSED SESSION; IF ANY.**

**IX.    ADJOURNMENT**

CERTIFICATION

I certify that the above notice of an Emergency Special Meeting of the City of Port Isabel Texas is true and correct; and that I posted such notice on the bulletin board. A place convenient and readily accessible to the public on the 24th day of April 2015 at 1:00 p.m., in accordance with the Texas Open Meetings Act (Texas Government Code: §551.041 - §551.050).

*Susie Alcocer*

CITY SECRETARY
CITY OF PORT ISABEL, TEXAS

**CERTIFICATION OF REMOVAL**

I certify that the agenda of items to be considered by the City Commission was removed by the City Secretary's Office from the Port Isabel City Hall bulletin area on the _____ day of_____, 2015.

Office of the City Secretary

'MINUTES OF A SPECIAL MEETING OF THE CITY OF PORT ISABEL COMMISSION

DATE:               April 24, 2015
TIME:               4:00 p.m.

PLACE:           City Hall Chambers Meeting Room

MEMBERS PRESENT:      Joe E. Vega, Mayor
                                Juan Jose "JJ" Zamora, Commissioner Place No. 1
                                Maria de Jesus "MJ" Garza, Commissioner Place No. 2
                                Martin C. Cantu, Commissioner Place No. 3
                                Guillermo "Memo" Torres, Commissioner No.4
                                Edward Meza, City Manager
                                Susie Alcocer, City Secretary
                                Rene Nava, Finance Director

MEMBERS ABSENT:       none

ALSO PRESENT:          Omar Perera, Jeffery Martinez, Marti Etheridge, Terry & Juanita Stringfield, Deane Pease, Ana Ochoa, Laura Ochoa, Melissa Alfonso, Patricia Ochoa, Mary Castillo, Rene Castillo, Ellen Snyder, Rey Puentes, Rita Zamora, Bertha Zamora, Maria Ochoa, Tommie Elium, Jim Elium, Gary Snyder, Paul Seals, Rebecca Seals, Leo Sanders, Andrea Fazion and Julian Hernandez

## ORDER OF BUSINESS

I.     **CALL TO ORDER**
       Mayor Joe E. Vega called the meeting to order at 4:00 pm.

II.    **INVOCATION**
       Commissioner Maria de Jesus "MJ" Garza gave the invocation.

III.   **PLEDGE OF ALLEGIANCE**
       David Garcia, Interim Cameron County Administrator

IV.   **PUBLIC COMMENT/OPEN FORUM:  PLEASE NOTE:**
       ○  **Any person with business before the Commission, <u>not</u> scheduled on the Agenda as a Public hearing may speak to the commission.**

       ○  <u>**Public Comment Forms**</u> **are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]**

       ○  <u>**Public Comment Forms**</u> **must be filled out and presented to the City no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.**

       ○  **The speaker must state his/her full name before speaking.**

       ○  **There is a three (3) minute time limit per speaker.**

       ○  <u>**Public Comment Forms**</u> **are not accepted after 3:45 p.m.**

       ○  **PowerPoint Presentations are not conducted during the public comment period.**
       Rebecca Seals informed the City Commission that there are 3 dumpsters at the cemetery and are not collecting old flowers they are collecting other peoples trash.

V.     **COMMENT BY CITY COMMISSION AND CITY MANAGER:**

Any member of the City Commission and the City Manager may comment on any matter and receive information from staff about the current city position on any matter, but the City Commission will not take formal action.

Commissioner Martin C. Cantu stated that he is grateful to still be a Commissioner for the City.

Commissioner Juan Jose "JJ" Zamora thanked everyone for the support and trust they had to keep him as a City Commissioner.

Commissioner Maria de Jesus "MJ" Garza invited everyone to the Arbor Day Event on Saturday

Mayor Joe E. Vega and Commissioner Guillermo "Memo" Torres had no comments.

## VI.   NEW BUSINESS

1.   **Discussion and potential action to approve Resolution No. 04-24-2015-01: A Resolution opposing the insurance immunity bill before the Texas Legislature. [City Attorney Robert L. Collins]**
Commissioner Guillermo "Memo" Torres motioned, second by Commissioner Juan Jose "JJ" Zamora and all voting "aye" to approve Resolution No. 04-24-2015-01: A Resolution opposing the insurance immunity bill before the Texas Legislature.

2.   **Consideration and action to authorize City Manager to execute proposed release of restrictive covenant and obligations related to two (2) tracts of land being a part of the 1172 acres of land patented in the City of Port Isabel by the State of Texas by Patent No. 333 Volume 58-A recorded in Volume 230 page 510 deed that certain 346.04 acre tract decreed to the City of Port Isabel by Judgement in Cause no. 12161 as recorded in Volume 29 pages 1-3 of the Civil Minutes of the District Court Cameron County Texas. [City Manager, Ed Meza/Attorney Denise Sanchez]**
Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Guillermo "Memo" Torres the City Commission voted three (3) for and two (2) abstain with Commissioner Juan Jose "JJ" Zamora and Commissioner Martin C. Cantu abstain to authorize City Manager to execute proposed release of restrictive covenant and obligations related to two (2) tracts of land being a part of the 1172 acres of land patented in the City of Port Isabel by the State of Texas by Patent No. 333 Volume 58-A recorded in Volume 230 page 510 deed that certain 346.04 acre tract decreed to the City of Port Isabel by Judgement in Cause no. 12161 as recorded in Volume 29 pages 1-3 of the Civil Minutes of the District Court Cameron County Texas.

3.   **Discussion and potential action to approve a request by Naismith Engineering Inc., to subdivide lot 1 into lot 1A & lot 5 block 1 located on lot 1 block 1 Port Center. The dimension on lot 5 changed from the original request to re-plat.**
**[This item was approved on the Regular Meeting of the Planning & Zoning Board]**
**[Building Inspector, Larry Ellis]**
Commissioner Guillermo "Memo" Torres motioned, second by Commissioner Martin C. Cantu and all voting "aye" to approve a request by Naismith Engineering Inc., to subdivide lot 1 into lot 1A & lot 5 block 1 located on lot 1 block 1 Port Center. The dimension on lot 5 changed from the original request to re-plat.

4.   **Discussion and potential action to consider whether to approve the application by A-Taxi Company for a taxi permit for 2015. [Fire Marshal, Rodrigo Garcia]**
Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Guillermo "Memo" Torres the City Commission voted three (3) for and two (2) against with Commissioner Juan Jose "JJ" Zamora and Commissioner Martin C. Cantu voted against to deny the application by A-Taxi Company for a taxi permit for 2015.

## VII.   CLOSED SESSION

Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Guillermo "Memo" Torres the City Commission voted three (3) for and two (2) against with Commissioner Juan Jose "JJ" Zamora and Commissioner Martin C. Cantu voted against item No. 1 on Personnel Matters and excused themselves and left the meeting to go into closed session at 4:19 pm. Motion carried.

1.   **Personnel Matters pursuant to Section §551.074 of the Texas Government Code to deliberate the appointment, employment, evaluation, re-assignment, duties, discipline, or dismissal of a public officer or employee:**
   ❖ **City Manager**

- ❖ EDC Director
- ❖ EDC Administrator
- ❖ Finance Director
- ❖ City Secretary
- ❖ Building Inspector
- ❖ Police Chief
- ❖ EMS Director
- ❖ Fire Marshal
- ❖ Museum Director
- ❖ Library Director
- ❖ Public Works Director
- ❖ Municipal Judge
- ❖ Assistant Municipal Judge
- ❖ Animal Control Officer
- ❖ Systems Administrator

2.  Pursuant to Section §551.071 of the Texas Government Code, authorizing a governmental body to consult with its attorney in an executive session to provide advice an legal counsel concerning threatened or pending litigation or other privileged and confidential legal advice regarding:
    - • Brownsville annexation issues and pending litigation
    - • Colair Inc.

VIII.   **ACTION TAKEN FROM CLOSED SESSION; IF ANY.**
Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Guillermo "Memo" Torres and all voting "aye" to come out of closed session at 5:07 pm with no official action taken.

1.  Personnel Matters pursuant to Section §551.074 of the Texas Government Code to deliberate the appointment, employment, evaluation, re-assignment, duties, discipline, or dismissal of a public officer or employee:
    - ❖ City Manager
    - ❖ EDC Director
    - ❖ EDC Administrator
    - ❖ Finance Director
    - ❖ City Secretary
    - ❖ Building Inspector
    - ❖ Police Chief
    - ❖ EMS Director
    - ❖ Fire Marshal
    - ❖ Museum Director
    - ❖ Library Director
    - ❖ Public Works Director
    - ❖ Municipal Judge
    - ❖ Assistant Municipal Judge
    - ❖ Animal Control Officer
    - ❖ Systems Administrator
    No action was taken on the above.

2.  Pursuant to Section §551.071 of the Texas Government Code, authorizing a governmental body to consult with its attorney in an executive session to provide advice an legal counsel concerning threatened or pending litigation or other privileged and confidential legal advice regarding:
    - • Brownsville annexation issues and pending litigation
      No action was taken
    - • Colair Inc.
      No action was taken

## XII.     ADJOURNMENT

Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Guillermo "Memo" Torres and all voting "aye" to adjourn at 5:08 pm.

**CITY OF PORT ISABEL, TEXAS**

_____

**Joe E. Vega, Mayor**

**ATTEST:**

_____

**Susie Alcocer, CITY SECRETARY**
**CITY OF PORT ISABEL, TEXAS**



City of
Port Isabel

Juan Jose "JJ" Zamora, Sr., CITY COMMISSIONER PLACE 1     Maria de Jesus "MJ" Garza, CITY COMMISSIONER PLACE 2
Martin C. Cantu, CITY COMMISSIONER PLACE 3               Guillermo "Memo" Torres, CITY COMMISSIONER PLACE 4

Joe E. Vega, MAYOR

# NOTICE OF A SPECIALMEETING
# OF THE PORT ISABEL CITY COMMISSION
## NOTICE IS HEREBY GIVEN

Pursuant to Chapter 551, Title 5 of the Texas Government Code, the Texas Open Meetings Act, notice is hereby given that the Port Isabel City Commission in accordance with Article II, Section 2.11 of the Charter of said City, will convene a Special Meeting at the City Commission Chambers Meeting Room, located at 305 E. Maxan Street on Wednesday, May 06, 2015 at 7:00 p.m. for the purpose of discussing the following items:

**NOTE:** The City Commission of the City of Port Isabel reserves the right to discuss any items in Closed Session whenever authorized under the Texas Open Meetings Act, Chapter 551, of the Texas Government Code. The City Commission may discuss the items on this agenda in any order.

The City of Port Isabel does not discriminate on the basis of disability in the admission of, access to, treatment of, or employment in its programs, activities, or public meetings. Any individual with a disability in need of an accommodation is encouraged to contact the Office of the City Secretary at 956-943-2682 at least 24 hours prior to the scheduled meeting to make proper arrangements.

## ORDER OF BUSINESS

I.   **CALL TO ORDER**

II.  **INVOCATION**

III. **PLEDGE OF ALLEGIANCE**

IV.  **PUBLIC COMMENT/OPEN FORUM: PLEASE NOTE:**
   ○ Any person with business before the Commission, **not** scheduled on the Agenda as a **Public hearing** may speak to the commission.
   ○ Public Comment Forms are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]
   ○ Public Comment Forms must be filled out and presented to the City Secretary no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.
   ○ The speaker must state his/her full name before speaking.
   ○ There is a three (3) minute time limit per speaker.
   ○ Public Comment Forms are not accepted after 6:45 p.m.
   ○ PowerPoint Presentations are not conducted during the public comment period.

**V.   COMMENT BY CITY COMMISSION AND CITY MANAGER:**
Any member of the City Commission and the City Manager may comment on any matter and receive information from staff about the current city position on any matter, but the City Commission will not take formal action.

**VI.   NEW BUSINESS**

1.   Discussion and potential action to approve Resolution No. 05-06-2015-01: A  Resolution of the City Commission of the City of Port Isabel, Texas, to the Federal Aviation Administration regarding the Discontinuation of Instrument Approach Procedures.
    **[City Manager, Edward Meza]**

**2.**   Discussion and potential action to approve the city attorney's and city official's selection of outside counsel to represent or act as counsel for the city and/or city officials named as defendants in pending and/or threatened litigation, and special counsel to be selected by City Manager to investigate along with the City Attorney and/or prosecute potential city charter violations, and other matters, and to approve compensation for all such special and/or outside counsel as per General Provisions 38.01 City's Liability for Attorney fees incurred by City Commissioners.
    **[City Manager, Edward Meza]**

3.   Discussion and potential action to amend and change the rental and rate policies concerning beverages, food and rental items for the Port Isabel Event & Cultural Center.
    **[City Manager, Edward Meza]**

**VII.   ADJOURNMENT**

CERTIFICATION

I certify that the above notice of a Special Meeting of the City of Port Isabel Texas is true and correct; and that I posted such notice on the bulletin board. A place convenient and readily accessible to the public on the 2nd day of May 2015 at 7:45 a.m., in accordance with the Texas Open Meetings Act (Texas Government Code: §551.041 - §551.050).


Susie Alcox _____

CITY SECRETARY
CITY OF PORT ISABEL, TEXAS


**CERTIFICATION  OF  REMOVAL**

I certify that the agenda of items to be considered by the City Commission was removed by the City Secretary's Office from the Port Isabel City Hall bulletin area on the _____ day of_____, 2015.

_____
Office of the City Secretary

# 'MINUTES OF A SPECIAL MEETING OF THE CITY OF PORT ISABEL COMMISSION

DATE:                 May 06 2015
TIME:                 6:00 p.m.

PLACE:                City Hall Chambers Meeting Room

MEMBERS PRESENT:      Joe E. Vega, Mayor
                      Juan Jose "JJ" Zamora, Commissioner Place No. 1
                      Maria de Jesus "MJ" Garza, Commissioner Place No. 2
                      Martin C. Cantu, Commissioner Place No. 3
                      Guillermo "Memo" Torres, Commissioner No.4
                      City Attorney Robert Collins
                      Edward Meza, City Manager
                      Rene Nava, Finance Director
                      Susie Alcocer, City Secretary

MEMBERS ABSENT:       None

ALSO PRESENT:         Pilar Cantu, Elizbeth Vela, Maria Almaguer, Michelle Ann Barreiro, Jeffery Martinez, Melissa
                      Alfonso, Tommie Elium, Deulby Ray Cisneros, Dante Delgadillo, Victor Gonzalez,Andrea
                      Fazion and Diane Oleary

## ORDER OF BUSINESS

### I.   CALL TO ORDER
Mayor Joe E. Vega called the meeting to order at 6:00 pm.

### II.   INVOCATION
Commissioner Maria de Jesus "MJ" Garza gave the invocation.

### III.   PLEDGE OF ALLEGIANCE
City Commission led the Pledge of Allegiance.

### IV.   PUBLIC COMMENT/OPEN FORUM:  PLEASE NOTE:
○ **Any person with business before the Commission, <u>not</u> scheduled on the Agenda as a Public hearing may speak to the commission.**

○ **<u>Public Comment Forms</u> are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]**

○ **<u>Public Comment Forms</u> must be filled out and presented to the City no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.**

○ **The speaker must state his/her full name before speaking.**

○ **There is a three (3) minute time limit per speaker.**

○ **<u>Public Comment Forms</u> are not accepted after 5:45 p.m.**

○ **PowerPoint Presentations are not conducted during the public comment period.**
Rafael Salazar approached the City Commission about the real dangers of the gas plants been built on Hwy 48. He stated that it poses lot dangers like explosions and will be using different gases.   He recommends not letting them built the machinery.
Robert Rodrigues approached the City Commission on the Laguna Madre Boys & Girls.  He let the City Commission knows he was the new Chief Professional Officer for the Laguna Madre Boys & Girls Club. He would like to be place on the agenda for a Regular Meeting of the Port Isabel City Commission to ask for assistance with funding of utilities and related cost.

Daniel Salazar approached the City Commission on a building permit issued by the City of Port Isabel.

He stated he had requested a permit from the City and when they were half way done on the job and a City Building

Inspector told him that he needed to tear off the windows and block because he needed to install the doors first and that was going to cost him a lot to do this.

## V.     COMMENT BY CITY COMMISSION AND CITY MANAGER:

**Any member of the City Commission and the City Manager may comment on any matter and receive information from staff about the current city position on any matter, but the City Commission will not take formal action.**

Commissioner Juan Jose "JJ" Zamora asked if he could comment New Business Item No. 2. City Attorney Robert Collins replied you can comment but not deliberate on the Item. Commissioner Juan Jose "JJ" Zamora stated to hire outside Counsel to prosecute is also a violation. He stated he would vote against to spend money to hire outside attorneys to pursuit political agenda the Mayor Joe E. Vega, Commissioner Maria de Jesus "MJ" Garza and Commissioner Guillermo "Memo" Torres money that the city doesn't have and can be used for repairing streets. He stated that on the City Charter it states that the Mayor and City Commissioners should not be in debt to the City. He asked if that means if you owe property taxes and trash pickup fees does this mean that you are going to be prosecuted by professional counsel that is a violation to the City Charter. Is the special Counsel prosecuting those Commissioners that Mayor and the majority of the City Commission wants them to prosecute. Commissioner Zamora also stated that on the City Charter it states that the Mayor or City Commission shall not hold any other public office of emolument he stated that the Mayor holds and office with the Cameron County and gets paid by them his going to be prosecuted by the Special Counsel or will the Mayor only be prosecuted only if the majority City Commissioner want to prosecute. He also stated that on the City Charter it also states that shall not be interested in the profits or emoluments or any contract, job, work or service for the City of Port Isabel, or interested in the sale or lease to or by the City of any property, real or personal he asked does this mean all the City Commission that does business with the City will be prosecuted including Commissioner Guillermo "Memo" Torres or is the only Commissioners that are in the minority. He stated what about the fact that Commissioner Torres sold property to the city that means he gets prosecuted to. What if the city has contracted or entered into an Interlocal Agreement with the County or the county uses city property does that means that the Mayor works for the County is he interested on contract so there for he will be prosecuted. He stated that the City Commission should not be spending money we don't have to do after a political opponent of a majority of the City Commission it will not only be wrong but it will end up spending lots of money on legal actions in court.

Commissioner Maria de Jesus "MJ" Garza asked the City Attorney Robert Collins how the mitigation went on the Brownsville Annexation. Robert Collins show the City Commission which areas the City of Port Isabel will be getting back. He stated that they are negotiating with Brownsville in stages. Stage 1 is what area Brownsville would see that is given up any claim to go forward in the future. What they have come to at this point the preliminary persons are subject to Brownsville Commission approval the first stage is further South where the boat ramp, park area and fishing area along Hwy 48 and all the way to the north boundary of Brownsville ship channel running all the way up to the end of the north to the end of the land on the north boundary of the Brownsville ship channel. Brownsville will give up the land forever in this area. He stated this is the first stage and it will be submitted to the Port Isabel City Commission for approval. Commissioner Juan Jose "JJ" Zamora stated that the Mayor went to Brownsville to make a deal with Brownsville on the annexation. Commission Zamora stated that he didn't want to make a deal with Brownsville it as illegal what Brownsville had done. Commissioner Zamora stated that the Mayor didn't give up he went to Austin to speak to Senator Lucio and Representative Oliveira to place him on the committee to vote Brownsville back he spent tax payers money doing that. Commissioner Zamora stated that it took the Mayor a year to agree to take Brownsville to court. Commissioner Juan Jose "JJ" Zamora commented that they Mayor is now taking all the credit.

Mayor Joe E. Vega stated for the record Commissioner Zamora has given false information like he has always done in the past. Mayor stated when they approached the city of Brownsville to negotiate on the ETJ they all agreed as a council on the boundaries that the City of Port Isabel wanted. Brownsville disagreed with it. Mayor stated they went to knock on doors again Commissioner Zamora also approved for them going to Austin it will reflect on the minutes to fight for the ETJ so Port Isabel can grow. He stated they want to the House Committee and it passed 5 to 0 vote and also went to the Senate Committee and it passed 4 to 0 vote. Also went to the local and uncontested agenda at the last minute the 11th hour Lieutenant Governor Dewhurst pulled it out. Mayor stated that Brownsville had a lobbyist and Port Isabel had limited resources. Mayor stated he doesn't know why Lieutenant Governor Dewhurst pulled it out. Commissioner Zamora stated that Representative Oliveira is from Brownsville and probably has more pull than the Mayor. Mayor responded that he is not going to blame Representative Oliveira or Senator Lucio for Lieutenant Governor Dewhurst pulling it out they were fighting for Port Isabel to get back their ETJ. Mayor stated all the accusations that Commissioner Zamora are all false that it is a political thing.

## VI. NEW BUSINESS

1. **Discussion and potential action to approve Resolution No. 05-06-2015-01: A Resolution of the City Commission of the City of Port Isabel, Texas, to the Federal Aviation Administration regarding the Discontinuation of Instrument Approach Procedures. [City Manager, Edward Meza]**

   Commissioner Maria de Jesus "MJ" Garza motioned, second by Commissioner Guillermo "Memo" Torres the City Commission voted three (3) for, one (1) against and one (1) abstain with Commissioner Juan Jose "JJ" Zamora abstains and Commissioner Martin C. Cantu voted against to approve Resolution No. 05-06-2015-01: A Resolution of the City Commission of the City of Port Isabel, Texas, to the Federal Aviation Administration regarding the Discontinuation of Instrument Approach Procedures. Motion carried.

2. **Discussion and potential action to approve the city attorney's and city official's selection of outside counsel to represent or act as counsel for the city and/or city officials named as defendants in pending and/or threatened litigation, and special counsel to be selected by City Manager to investigate along with the City Attorney and/or prosecute potential city charter violations, and other matters, and to approve compensation for all such special and/or outside counsel as per General Provisions 38.01 City's Liability for Attorney fees incurred by City Commissioners. [City Manager, Edward Meza]**

   Commissioner Garza motioned second by Commissioner Torres the City Commission voted three (3) for, and two (2) against with Commissioner Juan Jose "JJ" Zamora against and Commissioner Martin C. Cantu voted against **to** approve the city attorney's and city official's selection of outside counsel to represent or act as counsel for the city and/or city officials named as defendants in pending and/or threatened litigation, and special counsel to be selected by City Manager to investigate along with the City Attorney and/or prosecute potential city charter violations, and other matters, and to approve compensation for all such special and/or outside counsel as per General Provisions 38.01 City's Liability for Attorney fees incurred by City Commissioners.

   City Manager Edward Meza informed City Commissioner Juan Jose "JJ" Zamora and Commissioner Martin C. Cantu as per the City Attorney Robert Collins they couldn't speak to them directly. Commissioner Martin C. Cantu commented that there is no State Law that gives the City Manager authority to hire outside counsel for the city officials or city attorney without first getting approval for the City Commission. He also commented that they had plenty of time to have Special Meetings to approve to hire outside counsel. Instead you all incurred thousands of dollars in legal expenses that the city doesn't have. He stated that is wrong and illegal.

   Mayor Joe E. Vega asked the City Attorney Robert L Collins if the City is being sued and since it's in appeal and these attorneys that are represented the City Commission is the two Commissioners that are suing the city is this necessary. City Attorney Robert Collins replied that seeking authority on 38.01 City Ordinances for attorney's fees occurred by City Commissioners. He also stated that is necessary to hire outside counsel because they will have to repute all testimony that has been and he will probably have to testify on all false accusations.

   Commissioner Martin C. Cantu motioned, Commissioner Juan Jose "JJ" Zamora second not to hire outside counsel There was no other motion made. Motion dies.

   Commissioner Maria de Jesus "MJ" Garza motioned, second by Mayor Joe E. Vega the City Commission voted three (3) for, and two (2) against with Commissioner Juan Jose "JJ" Zamora against and Commissioner Martin C. Cantu voted against to authorize the City Attorney to retain Michael Cowen and Frank Perez to act as additional counsel to represent the City of Port Isabel related to defense of the case of Zamora and Cantu vs. City of Port Isabel et al., and to determine that this involves the interests of the City and that the actions made the basis of the lawsuit were undertaken in good faith within the scope of official duty and to pay a retainer to each such counsel in the sum of $2500.00, against which their hourly fees, at $200/hour, and the expenses, will be charged and such retainer will be supplemented monthly so each such counsel retains $2500 retainer balance at all times, and against which their final billing will be charged with any balance then due to be paid by the City. Motioned carried.

   Commissioner Maria de Jesus "MJ" Garza motioned second by Mayor Joe E. Vega City Commission voted two(2) for, one (1) abstain and two (2) against with Commissioner Juan Jose "JJ" Zamora against and Commissioner Martin C. Cantu voted against and Commissioner Guillermo "Memo" Torres abstain to approve of attorney fees of $200.00 per hour plus expenses to Frank Perez as lawyer for Commissioner Guillermo "Memo" Torres in the case of Zamora and Cantu vs Port Isabel and to determine that this involves the interests of the City and that his actions made the basis of the lawsuit were undertaken in good faith within the scope of this official duty. After all it was a public vote in a public meeting by a city official acting as set forth in the City Charter.

Mayor Joe E. Vega motioned second by Commissioner Guillermo "Memo" Torres City Commission voted three (2) for, one (1) abstain and two (2) against with Commissioner Juan Jose "JJ" Zamora against and Commissioner Martin C. Cantu voted against and Commissioner Maria de Jesus "MJ" Garza abstain to approve payment of attorney's fees at $200.00 per hour plus expense to Michael Cowen as lawyer for Commissioner Maria de Jesus "MJ" Garza in the case of Zamora and Cantu vs Port Isabel and to determine that this involves the interest of the City and that her actions made the basis of the lawsuit were undertaken in good faith within the scope of her official duty.

Commissioner Maria de Jesus "MJ" Garza motioned second by Commissioner Guillermo "Memo" Torres City Commission voted two(2) for, one (1) abstain and two (2) against with Commissioner Juan Jose "JJ" Zamora against and Commissioner Martin C. Cantu voted against and Mayor Joe E. Vega abstain to approve payment of attorney's fees at $200.00 per hour plus expense to Michael Cowen as lawyer for Mayor Joe E. Vega in the case of Zamora and Cantu vs Port Isabel and to determine that this involves the interest of the City and that her actions made the basis of the lawsuit were undertaken in good faith within the scope of her official duty.

3. **Discussion and potential action to amend and change the rental and rate policies concerning beverages, food and rental items for the Port Isabel Event & Cultural Center. [City Manager, Edward Meza]**
   Commissioner Juan Jose "JJ" Zamora motioned, second by Commissioner Martin C. Cantu and all voting "aye" to amend and change the rental and rate policies concerning beverages, food and rental items for the Port Isabel Event & Cultural Center.

## VII. ADJOURNMENT

Commissioner Juan Jose "JJ" Zamora motioned, second by Commissioner Maria de Jesus "MJ" Garza and all voting "aye" to adjourn at 8:00 pm.

**CITY OF PORT ISABEL, TEXAS**

_____
**Joe E. Vega, Mayor**

**ATTEST:**

_____
**Susie Alcocer, CITY SECRETARY**
**CITY OF PORT ISABEL, TEXAS**

**THE STATE OF TEXAS** §
**COUNTY OF CAMERON** §
**CITY OF PORT ISABEL** §



Juan Jose "JJ" Zamora, Sr., CITY COMMISSIONER PLACE 1        Maria de Jesus "MJ" Garza, CITY COMMISSIONER PLACE 2
Martin C. Cantu, CITY COMMISSIONER PLACE 3        Guillermo "Memo" Torres, CITY COMMISSIONER PLACE 4

Joe E. Vega, MAYOR

# NOTICE OF A REGULAR MEETING
# OF THE PORT ISABEL CITY COMMISSION
## NOTICE IS HEREBY GIVEN

Pursuant to Chapter 551, Title 5 of the Texas Government Code, the Texas Open Meetings Act, notice is hereby given that the Port Isabel City Commission in accordance with Article II, Section 2.11 of the Charter of said City, will convene a Regular Meeting at the City Commission Chambers Meeting Room, located at 305 E. Maxan Street on Tuesday May 12, 2015 at 7:00 p.m. for the purpose of discussing the following items:

**NOTE:** The City Commission of the City of Port Isabel reserves the right to discuss any items in Closed Session whenever authorized under the Texas Open Meetings Act, Chapter 551, of the Texas Government Code. The City Commission may discuss the items on this agenda in any order.

The City of Port Isabel does not discriminate on the basis of disability in the admission of, access to, treatment of, or employment in its programs, activities, or public meetings. Any individual with a disability in need of an accommodation is encouraged to contact the Office of the City Secretary at 956-943-2682 at least 24 hours prior to the scheduled meeting to make proper arrangements.

**ORDER OF BUSINESS**

I.   **CALL TO ORDER**

II.  **INVOCATION**

III. **PLEDGE OF ALLEGIANCE**

IV.  **PUBLIC COMMENT/OPEN FORUM: PLEASE NOTE:**
   - Any person with business before the Commission, **not** scheduled on the Agenda as a **Public hearing** may speak to the commission.
   - Public Comment Forms are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]
   - Public Comment Forms must be filled out and presented to the City Secretary no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.
   - The speaker must state his/her full name before speaking.
   - There is a three (3) minute time limit per speaker.
   - Public Comment Forms are not accepted after 6:30 p.m.
   - PowerPoint Presentations are not conducted during the public comment period.

**V.  COMMENT BY CITY COMMISSION AND CITY MANAGER:**
Any member of the City Commission and the City Manager may comment on any matter and receive information from staff about the current city position on any matter, but the City Commission will not take formal action.

**VI.  CANVASSING OF THE SPECIAL ELECTION RETURNS:**
a.  Discussion and potential action to approve Resolution 05-12-15-01:  A Resolution declaring the results of the City's General Election of May 9, 2015 and approving other election matters including ballots ordered and ballots used for Early Voting and Election Day.
**[City Secretary, Susie Alcocer]**
Discusión y posible acción para aprobar la Resolución 05-12-15-01: Una Resolución de la Comisión de la Ciudad de Puerto Isabel y ordeno que una Elección General se llevara a cabo el día 9 de Mayo del 2015 en la Ciudad de Port Isabel, Tejas  con el propósito de elegir a dos miembros a la Comisión de la Ciudad de Port Isabel.

b.  Issuance of Certificate of Election; Administer Statement of Elected Officer to City Commissioners; and Administer Oath of Office to newly elected City Commissioners.
  * Commissioner Place 3 **[Conducting the Oath of Office]**
  * Commissioner Place 4 **[Conducting the Oath of Office]**

c.  Selection of a Mayor Pro-Tempore.

**VII.  ADJOURNMENT**

CE R T I F I C A T I O N

I certify that the above notice of a Regular Meeting of the City of Port Isabel Texas is true and correct; and that I posted such notice on the bulletin board. A place convenient and readily accessible to the public on the 8th day of May 2015 at 5:00 p.m., in accordance with the Texas Open Meetings Act (Texas Government Code: §551.041 - §551.050).

*Susie Alcocer*

CITY SECRETARY
CITY OF PORT ISABEL, TEXAS

CERTIFICATION OF REMOVAL

I certify that the agenda of items to be considered by the City Commission was removed by the City Secretary's Office from the Port Isabel City Hall bulletin area on the _____ day of _____, 2015.

_____
Office of the City Secretary

| DATE: | May 12, 2015 |
|-------|--------------|
| TIME: | 7:00 p.m. |

PLACE:                City Hall Chambers Meeting Room

MEMBERS PRESENT:      Joe E. Vega, Mayor
                      Maria de Jesus "MJ" Garza, Commissioner Place No. 2
                      Juan Jose "JJ" Zamora, Commissioner No. 1
                      Martin C. Cantu, Commissioner Place No. 3
                      Edward Meza, City Manager
                      Susie Alcocer, City Secretary
                      Rene Nava, Finance Director

MEMBERS ABSENT:       Guillermo "Memo" Torres, Commissioner No.4


ALSO PRESENT:         Ron & Cecelia Bliss, Tommie Elium Andrea Fazioli, David Woolverton, Melissa Alfonso, Rick Wells, Glenda Stafford, Whitey Thomas, Gary & Ellen Snyder

## ORDER OF BUSINESS

### I.   CALL TO ORDER
Mayor Joe E. Vega called the meeting to order at 7:00 pm.

### II.   INVOCATION
Commissioner Maria de Jesus "MJ" Garza gave the invocation.

### III.   PLEDGE OF ALLEGIANCE
Commissioner Martinez's Family led the Pledge of Allegiance.

### IV.   PUBLIC COMMENT/OPEN FORUM:  PLEASE NOTE:
o   Any person with business before the Commission, not scheduled on the Agenda as a Public hearing may speak to the commission.

o   Public Comment Forms are located on the table at the entrance of the City Chambers meeting Room. [For further information, contact the Office of the City Secretary]

o   Public Comment Forms must be filled out and presented to the City no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.

o   The speaker must state his/her full name before speaking.

o   There is a three (3) minute time limit per speaker.

o   Public Comment Forms are not accepted after 6:45 p.m.

o   PowerPoint Presentations are not conducted during the public comment period.
No Open Forums

### V.   COMMENT BY CITY COMMISSION AND CITY MANAGER:
Any member of the City Commission and the City Manager may comment on any matter and receive information from staff about the current city position on any matter, but the City Commission will not take formal action.
Commissioner Martin C. Cantu thanked everyone from the Cantu Family for joining them to make sure they were heard. No only heard but also set the record straight with a straight message of right is right no matter the sacrifice.  Also thanked everyone for their support and votes without them it couldn't have happened.

Commissioner Juan Jose "JJ" Zamora, concord with Commissioner Martin C. Cantu and also stated that the people have spoken out. He is very grateful for the support and will do the best for the community. He hopes that more your people join some of the city committees.

Commissioner Maria de Jesus "MJ" Garza stated it took the Community to speak out and she respects that and congratulated the new Candidate Jeffery David Martinez.

Mayor Joe E. Vega congratulated Jeffery David Martinez and commented that they all need to work together.

City Manager Edward Meza also congratulated Jeffery David Martinez.

VI.                **CANVASSING OF THE REGULAR ELECTION RETURNS:**

    a.    **Discussion and potential action to approve Resolution 05-12-15-01: A Resolution declaring the results of the City's General Election of May 9, 2015 and approving other election matters including ballots ordered and ballots used for Early Voting and Election Day.**
        **[City Secretary, Susie Alcocer]**
        *Discusión y posible acción para aprobar la Resolución 05-12-15-01: Una Resolución de la Comisión de la Ciudad de Puerto Isabel y ordeno que una Elección General se llevara a cabo el día 10 de Mayo del 2015 en la Ciudad de Port Isabel, Tejas con el propósito de elegir a tres miembros a la Comisión de la Ciudad de Port Isabel.*
        There was no motion taken for this item Mayor Joe E. Vega didn't ask for a motion and went to next item.

    b.    **Perform and Conduct Oath of Office for newly elected officials.**
        **Commissioner Place 3 [Oath conducted by Attorney Gilbert Hinojosa]**
        Judge Attorney Gilbert Hinojosa conducted the oath of office to Commissioner Place 3 Martin C. Cantu.
        **Commissioner Place 2 [Oath conducted by Judge Benito Ochoa]**
        Judge Benito Ochoa conducted the oath of office to Commissioner Place 4 Jeffery David Martinez.

    c.    **Selection of a Mayor Pro-Tempore.**
        Commissioner Juan Jose "JJ" Zamora motioned, second by Commissioner Jeffery David Martinez and all voting "aye" to appoint Commissioner Martin C. Cantu as Mayor Pro-Temp

VII.   **ADJOURNMENT**
        Commission Maria de Jesus "MJ" Garza motioned, second by Commissioner Juan Jose "JJ" Zamora and all voting "aye" to adjourn at 7:26 pm.

                               **CITY OF PORT ISABEL, TEXAS**

                            _____

                             **Joe E. Vega, Mayor**

**ATTEST:**

_____
**Susie Alcocer, CITY SECRETARY**

May 14, 2015

RECEI
MAY 1 2015

Office of the City ____

Edward P. Meza
City of Port Isabel
305 E Maxan St
Port Isabel TX 78578

Susie Alcocer
City of Port Isabel
305 E Maxan St
Port Isabel TX 78578

*Via Hand Delivery*

Dear Mr. Meza and Ms. Alcocer,

This letter is to call for a special meeting of the City Commission of the City of Port Isabel, for Tuesday, May 19, 2015 at 7:00 pm at the City Hall, pursuant to Section 2.02 of the Port Isabel City Charter.

The following is the agenda for this meeting, and should be posted in the order and form set out here:

1.      Call to Order; Roll Call.

2.      Invocation.

3.      Pledge of Allegiance.

4.      Public Comment/Open Forum

5.      Consideration and possible action to terminate any non-employee contractual relationship for legal services between Robert Collins, or any affiliated entity, and the City of Port Isabel, effective immediately.

6.      Consideration and possible action to vacate any finding by the Port Isabel City Commission on April 13, 2015 that Martin Cantu and J.J. Zamora were disqualified from office, and to rescind any action taken to remove them.

7.      Consideration and possible action to rescind approval of the retention of outside counsel to represent the city and members of the city commission in pending and/or threatened litigation, and to rescind approval to pay any fees incurred by outside counsel, effective

May 6, 2015, consistent with a finding under Ordinance Number 364 that the pending and/or contemplated litigation to which members or former members of the city commission may be a party does not arise from actions taken for or on behalf of the city, and further finding that such fees are not reasonable.

8.  Consideration and possible action to rescind approval of the retention of outside counsel to investigate and/or prosecute potential violations of the city charter, and other matters.

9.  Consideration and possible action to appoint a city attorney.

10. Executive Session; Closed Session

    A.  To deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the city attorney, pursuant to the Texas Open Meetings Act, Section 551.074 (1)(a).
    B.  To deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the city manager, pursuant to the Texas Open Meetings Act, Section 551.074 (1)(a).
    C.  To deliberate the appointment, employment or duties of an interim city manager, pursuant to the Texas Open Meetings Act, Section 551.074 (1)(a).

11. Open Session

    A.  Action relative to executive session.
    B.  Action relative to executive session.
    C.  Action relative to executive session.

12. Adjourn.

You are hereby directed to post this meeting in conformity with the requirements of the Port Isabel City Charter and the Texas Open Meetings Act, and to distribute notice of this meeting to the members of the City Commission.

Sincerely,

JUAN JOSE "JJ" ZAMORA
City Commissioner, Place 1

MARTIN C. CANTU
City Commissioner, Place 3

THE STATE OF TEXAS §
COUNTY OF CAMERON §
CITY OF PORT ISABEL §

## NOTICE OF A SPECIAL MEETING
## OF THE PORT ISABEL CITY COMMISSION

### NOTICE IS HEREBY GIVEN

Pursuant to Chapter 551, Title 5, of the Texas Government Code, the Texas Open Meetings Act, notice is hereby given that the Port Isabel City Commission in accordance with Article II, Section 2.11 of the Charter of said City, will convene a Special Meeting at the City Commission Chambers Meeting Room, located at 305 E Maxan Street, on Tuesday, May 19, 2015 at 7:00 pm for the purpose of discussing the following items:

NOTE: The City Commission of the City of Port Isabel reserves the right to discuss any item in Closed Session whenever authorized under the Texas Open Meetings Act, Chapter 551, of the Texas Government Code. The City Commission may discuss the items on this agenda in any order.

The City of Port Isabel does not discriminate on the basis of disability in the admission of, access to, treatment of, employment in its programs, activities, or public meetings. Any individual with a disability in need of accommodation is encouraged to contact the Office of the City Secretary at 956-943-2682 at least 24 hours prior to the scheduled meeting to make proper arrangements.

ORDER OF BUSINESS

I.     CALL TO ORDER

II.    INVOCATION

III.   PLEDGE OF ALLEGIANCE

IV.    PUBLIC COMMENT/ OPEN FORUM

Please Note:

-Any person with business before the Commission not scheduled on the Agenda as a Public Hearing may speak to the commission.
-Public Comment Forms are located on the table at the entrance of the City Chambers Meeting Room. (For further information, contact the Office of the City Secretary).
-The speaker must state his or her full name before speaking.
-There is a three (3) minute time limit per speaker.
-Public Comment Forms are not accepted after 6:45 pm.
-PowerPoint presentations are not conducted during the public comment period.

V.    NEW BUSINESS

1.    Consideration and possible action to terminate any non-employee contractual relationship for legal services between Robert Collins, or any affiliated entity, and the City of Port Isabel, effective immediately.

2.    Consideration and possible action to vacate any finding by the Port Isabel City Commission on April 13, 2015 that Martin C. Cantu and Juan Jose "J.J." Zamora were disqualified from office, and to rescind any action taken to remove them.

3.    Consideration and possible action to vacate any finding by the Port Isabel City Commission on April 13, 2015 that Martin C. Cantu and Juan Jose "J.J". Zamora were disqualified from office, and to rescind any action taken to remove them.

4.    Consideration and possible action to rescind approval of the retention of outside counsel to represent the city and members of the city commission in pending and/or threatened litigation, and to rescind approval to pay any fees incurred by outside counsel, effective May 6, 2015, consistent with a finding under Ordinance Number 364 that the pending and/or contemplated litigation to which members or former members of the city commission may be a party does not arise from actions taken for or on behalf of the city, and further finding that such fees are not reasonable.

5.    Consideration and possible action to rescind approval of the retention of outside counsel to investigate and/or prosecute potential violations of the city charter, and other matters.

6.    Consideration and possible action to appoint a city attorney.

7.    Consideration and possible action to approve Resolution No. 05-19-15-01: A Resolution by the City Commission of Port Isabel, Texas to appoint or re-appoint one (1) member to the Port Isabel Economic Development Corporation Board. (Commissioner Jeffery David Martinez)

VI.    EXECUTIVE SESSION; CLOSED SESSION

1.    To deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the city attorney, pursuant to the Texas Open Meetings Act, Section 551.074 (1)(a).

2.    To deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the city manager, pursuant to the Texas Open Meetings Act, Section 551.074 (1)(a).

3.    To deliberate the appointment, employment or duties of an interim city manager, pursuant to the Texas Open Meetings Act, Section 551.074 (1)(a).

VII.    ACTION TAKEN FROM CLOSED SESSION; IF ANY

1.    Action relative to executive session.

2.	Action relative to executive session.

3.	Action relative to executive session.

VIII.	ADJOURNMENT OF MEETING

CERTIFICATION

I certify that the above notice of a Special Meeting of the City Commission of the City of Port Isabel, Texas is true and correct; and that I posted such notice on a bulletin board at City Hall, a place convenient and readily accessible to the public on the 16th day of May, 2015 at 8:47 am/pm, in accordance with the Texas Open Meetings Act (Texas Government Code, § 551.041-§551.050).

_____
Nadini P. Jee,
Assistant City Secretary
City of Port Isabel, Texas

CERTIFICATION OF REMOVAL

I certify that the agenda of items to be considered by the City Commission was removed by the City Secretary's Office from the Port Isabel City Hall bulletin board on the _____ day of _____, 2015.


_____
Office of the City Secretary

# Exhibit E

Print

Port Isabel, TX Code of Ordinances

# ARTICLE II:  MUNICIPAL GOVERNMENT

### SECTION 2.01  MAYOR AND COMMISSIONERS.

The governing body of the City of Port Isabel shall consist of the City Commission, which shall be composed of a Mayor, and four Commissioners, one of whom shall be designated as Commissioner No. l, one as Commissioner No. 2, one as Commissioner No. 3, and one as Commissioner No. 4.

### SECTION 2.02  QUALIFICATIONS.

The Mayor and each Commissioner shall be citizens of the United States, and have resided in the State of Texas for a continuous period of two (2) years and in the City of Port Isabel, Texas, for a continuous period of one year, and have attained the age of twenty-one (21) years at the time of filing as a candidate for such position; and shall have the other qualifications as provided for candidates; in the State Election Code. The Mayor, Commissioners, and other officers and employees shall not be indebted to the City, save and except for ad valorem taxes in the current year, and the previous year only, but with such ad valorem taxes and any other indebtedness owed to the City to be timely paid (otherwise constituting a disqualifying indebtedness hereunder); shall not hold any other public office of emolument, except the office of Notary Public, and shall not be interested in the profits or emoluments or any contract, job, work or service for the City of Port Isabel, or interested in the sale or lease to or by the City of any property, real or personal. If the Mayor or any City Commissioner fails to maintain, the foregoing qualifications, or shall be absent from three consecutive regularly scheduled meetings, the City Commission shall at its next regularly scheduled meeting declare a vacancy to exist and shall fill said vacancy as set forth in Section 2.03 of this Charter. All such qualifications and requirements shall be fully complied with by any prospective candidate for the position of Mayor or Commissioner at the time of filing for election. Any officer or employee of the City who shall cease to possess any of the qualifications herein required shall forthwith forfeit his or her office and any such contracts in which any officer or employee is or may become interested may be declared void by the City Commission. Any violation, of this Section shall be a misdemeanor, and on conviction for such violation, such office or employment shall be forfeited.

### SECTION 2.03  VACANCIES OF MAYOR OR COMMISSIONERS.

When a vacancy occurs in the City Commission, the remaining members of the City Commission shall, within ten (10) days, appoint a qualified person to fill the unexpired term. However, the City Commission shall not appoint more than one Commissioner in any twelve month period, and in the

event that two vacancies occur within any twelve (12) month period, the City Commission shall call a special election to fill the second (or more) vacancies so occurring.

## SECTION 2.04  COMPENSATION OF MAYOR AND COMMISSIONERS.

The Mayor shall receive for his services the sum of One Hundred Dollars ($100.00) per month and each of the four City Commissioners shall receive the sum of Fifty Dollars ($50.00) per month for their services on the City Commission.

## SECTION 2.05  DUTIES AND POWERS OF MAYOR.

The Mayor of the City shall be the presiding officer of the Commission. The Mayor shall be entitled to vote as a member of the Commission, shall sign all ordinances, resolutions, and financial statements, and shall be the chief executive officer of the City and exercise all powers and perform all duties imposed upon the Mayor by this Charter and by the Ordinances of the City.

## SECTION 2.06  DUTIES AND POWERS OF MAYOR PRO-TEMPORE.

In the absence of the Mayor, a Mayor Pro-tempore shall act in the Mayor's place and stead. At the next regular meeting of the City Commission after each election of a Mayor and/or Commissioners, one of such Commissioners shall be elected Mayor Pro-tempore by a majority vote of the Commissioners. In the absence of both the Mayor and the Mayor Pro-tempore, a presiding Mayor Pro-tempore shall be elected by a majority vote of the Commissioners present. In the absence of the Mayor, the Mayor Pro-tempore shall be charged with the same duties of the Mayor, shall be entitled to the same rights and privileges of the Mayor and shall be subject to the same restrictions and limitations of the Mayor as provided for in this Charter and by the laws of the State of Texas.

## SECTION 2.07  DUTIES AND POWERS OF COMMISSION.

The Commission shall enact all Ordinances and resolutions and adopt all regulations, and constitute the legislative body of the City. The Commission and the Mayor shall constitute the governing body of the City with all the powers and authority herein granted.

## SECTION 2.08  MEETINGS OF THE CITY COMMISSION.

The City Commission shall hold at least two regular meetings in each month at a time to be set by it as may be necessary for the transaction of the business of the City. All meetings of the City Commission shall be public and shall be held at the City Hall, except that the City Commission may designate another place for such meetings after publishing due notice thereof in one issue of a newspaper in general circulation in the City of Port Isabel. The Mayor or any two members of the City Commission may call special meetings of the City Commission at any time. Notwithstanding anything herein to the contrary, the City Commission may also hold executive sessions (which are closed to the public) and workshops as needed from time to time, so long as the same are held in

accordance with the laws of the State of Texas.

## SECTION 2.09  RULES OF PROCEDURES AND QUORUM.

   The City Commission shall determine its own rules of procedure, unless contrary to this Charter. Three-fifths (3/5ths) of the qualified members of the City Commission shall constitute a quorum to do business, and the majority vote of those present shall be necessary to adopt any Ordinance or Resolution. Minutes of the proceedings of all meetings of the City Commission shall be kept, and any citizen may have access at all reasonable times to said records.

## SECTION 2.10  INVESTIGATION BY CITY COMMISSION.

   The City Commission may investigate the financial transaction of any office or department of the City government, and the acts and conduct of any official or employee. In conducting such investigation, the Commission may compel the attendance of witnesses, administer oaths and compel the production of books, papers, and other evidence, and for that purpose may issue subpoenas or attachments which shall be signed by the Mayor; which may be served and executed by any officer authorized by law To serve subpoenas or other process, or any peace officer of the City. If any witness shall refuse to appear or to testify to any facts within his knowledge, or to produce any papers or books in his possession, or under his control, relating to the matter under investigation before the Commission, such act shall constitute a misdemeanor and shall be punishable by a fine not to exceed $200.00. No witness shall be excluded from testifying, touching his knowledge of the matter under investigation in any such inquiry. But such testimony shall not be used against him in any criminal prosecution except for perjury committed upon such inquiry.

# Exhibit F

# AFFIDAVIT OF EDWARD P. MEZA

STATE OF TEXAS        §

§

COUNTY OF CAMERON        §

**BEFORE ME**, the undersigned Notary Public, personally appeared Edward P. Meza, known to me, who being duly sworn upon his oath did depose and state as follows:

"My name is Edward P. Meza, and I am the City Manager for the City of Port Isabel, Texas, a Defendant and Appellant in this case. I have personal knowledge of the facts contained in this affidavit. The facts in this affidavit are all true and correct.

"I am City Manager for the City of Port Isabel, and have been since 2008. On May 19, 2015, Martin Cantu and JJ Zamora acted and voted to remove me as City Manager in retaliation for my opposition to their respective practice of doing business with the City in violation of the City Charter. However, their action and vote was directly related to my involvement in the matters involving them that led to this lawsuit and the City Commission's findings that Mr. Cantu and Mr. Zamora violated the City Charter through directing city employees to bring city vehicles to their automotive businesses for service and thereby doing business with and profiting from their elected positions, all as specifically prohibited by the City Charter, which I told them and they intentionally ignored. Due to Mr. Cantu's and Mr. Zamora's direct interest in the votes and the relation to their personal businesses and profits and payments to them from the business and by being a City Commissioner, they were not permitted to participate in those votes and the votes do not count, therefore anything they moved, seconded or voted on is void, including their claim to have terminated me or the City Attorney, or to hire some other attorney such as the lawyer who represents Mr. Cantu or Mr. Zamora or Mr. Humberto Silva, rescind the vote that removed them from office as unqualified after they admitted making money from doing business with the City through their respective auto repair businesses and any related issue.

1

Because of Mr. Cantu's and Mr. JJ Zamora's conflicts, I was never terminated from my position as City Manager because there was never a lawful vote on that issue, and I remain the rightful City Manager for the City of Port Isabel. Pursuant to the Port Isabel City Charter the City Manager serves as the Chief Executive Officer of the City handling day to day operations and decisions.

I have worked with Robert Collins, the City Attorney, on the defense of the lawsuit filed by Martin Cantu and JJ Zamora since the beginning. I was subpoenaed as City Manager by Appellees and appeared with Mr. Collins who represented the City at the hearing on the Plea to Jurisdiction and Motion for Temporary Injunction. Mr. Collins, who has been Port Isabel's official and only City Attorney since 2006, was asked by me, as City Manager, to defend the City Charter, this lawsuit and to prosecute this Appeal. As the City Attorney, Mr. Collins is the only qualified lawyer, also pursuant to the City Charter, to represent the City in this case. At my request as City Manager, Mr. Collins has provided legal advice to the City on matters related to this lawsuit and he has been counsel of record for the City in this case and appeals. I never took any steps to remove Robert Collins as counsel for this suit and do not approve of his removal. It is my desire, as City Manager, and the Chief Administrative and Executive Officer of the City, for Robert Collins to continue to represent the City of Port Isabel in this litigation. Mr. Collins has lawful and actual authority to represent the City of Port Isabel in this lawsuit and appeals.

Humberto Silva is not representing the City in this case. I do not know him. I did not hire him or request or consent to him representing the City or claiming to. He has not contacted me regarding this litigation. He has not sought the facts of the case, provided any legal advice, asked for any history behind the litigation, or sought the City's position on any matters related to the litigation. It is my understanding that Mr. Cantu and Mr. Zamora, again by void actions, have claimed to hire Mr. Silva to represent the City. This is incorrect. Mr. Silva does not have any lawful authority to represent the City of Port Isabel.

On behalf of the City of Port Isabel, as a citizen and as City Manager, I want to continue the defense of this lawsuit and prosecution of the

2

appeals in this case, and I insist that Robert Collins represent the City of Port Isabel and the City's interests in this case."

**FURTHER AFFIANT SAYETH NOT.**

_____
Edward P. Meza

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 2ⁿᵈ day of July_____, 2015.

_____
NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS

AMY E ROBINSON
My Commission Expires
September 29, 2018

3

STATE OF TEXAS          §
                               §
COUNTY OF CAMERON    §

**BEFORE ME**, the undersigned Notary Public, personally appeared Maria de Jesus Garza, known to me, who being duly sworn upon his oath did depose and state as follows:

"My name is Maria de Jesus Garza, and I am a Defendant/Appellant in this lawsuit. I have personal knowledge of the facts contained in this affidavit. The facts in this affidavit are all true and correct.

"I am a City Commissioner for the City of Port Isabel and, as such, I am a member of the City Commission. As part of the normal business of the City Commission, before every meeting, a notice is posted in a public place giving notice to the public when the meeting is going to be held and what the agenda items are. City Commissioners may request consideration of agenda items. As per usual, a notice was posted identifying the time and agenda for the regularly scheduled meeting for the week of April 13, 2015, which was held on Monday, instead of Tuesday, that week. Regularly scheduled meetings are set for the 2nd and 4th Tuesdays of each month but may be changed to another date by the Commission or Mayor by request. The notice for April 13, 2015 included items for discussion and vote on allegations of business dealings between certain Commissioners and the City, and the resulting violation of the City Charter, specifically related to Mr. Torres, Mr. Cantu, and Mr. Zamora, three City Commissioners at that time.

The City Charter Section 2.02 prohibits City Commissioners or candidates for City office from having business dealings or transactions with the City.

Mr. Cantu placed the item on that agenda to remove Mr. Torres, and that item was considered first. Mr. Zamora made the motion to remove Mr. Torres from office, and Mr. Cantu seconded it. That vote failed to pass. Then the next agenda items were considered, and Mr. Torres moved to remove Mr. Cantu and then Mr. Zamora for violating the City Charter, as they both have done business with the City through their respective auto repair businesses for service. During the discussion of these issues before the vote, Mr. Cantu and Mr. Zamora admitted doing business with the City in their car repair

1

businesses. The Commission voted by a majority that Mr. Cantu and Mr. Zamora had violated the City Charter and they were removed from their positions. Mr. Cantu was also a candidate for re-election at that time and, therefore, became ineligible to be elected.

Mr. Cantu and Mr. Zamora obtained an order granting temporary injunction. I have appealed that Order; and I want that appeal heard and ruled on.

Using the temporary court order, the one that is appealed, Mr. Cantu then placed agenda items for the next City Commission meeting to: 1. Terminate the City Manager and the City Attorney for their roles in disclosing his business dealings with the City and in defending the lawsuit he and Zamora had filed; 2. Rescind any charges or prior Commission votes finding that Cantu and Zamora had violated the City Charter; 3. Rescind prior vote of the Commission to stop further investigation into violations of the City Charter; and 4. Revoke prior Commission vote and approval to hire outside counsel to defend the lawsuit against individual members of the Commission.

Mayor Vega made the following statement at the beginning of the Special Meeting they set for May 19, 2015:

> 'The City Commission previously voted to remove Commissioner Juan Jose 'JJ' Zamora and Commissioner Martin C. Cantu from office. After consulting with my counsel, I believe that this removal was lawful. That being said, a local court has entered a temporary order permitting Commissioner Zamora and Commissioner Cantu to vote at this meeting. This is only a temporary order and, based on my consultation with counsel, I am appealing it. If the Court of Appeals or Texas Supreme Court grants my appeal, Commissioner Zamora's vote will not count and everything that I anticipate will happen today will be undone. I also believe that Commissioner Cantu and Commissioner Zamora, as the persons who brought a lawsuit against the City, [have an] ethical conflict which should prohibit them from voting on matters related to that lawsuit. Any vote to remove the City Attorney or City Manager by Commissioner Zamora and Commissioner Cantu is also a violation of their ethical duty as they have a conflict of interest since these actions are designed to cause the City to abandon its right to appeal that order as well. I object to Commissioner Zamora voting on any matter and consider any vote he may make to be null and void. In relation to the items they have been placed on the agenda tonight, I believe they constitute a conflict of interest for both Commissioner Zamora and Commissioner Cantu, and I believe that if they vote on any such matter that their vote will*

2

*be illegal and null and void. That being said, I am going to comply with the order of the Court and will allow Commissioner Zamora and Commissioner Cantu to participate and for them to be able to claim to vote subject to my pending appeal and objections.'*

Mr. Cantu and Mr. Zamora did not abstain from voting during the meeting. Mr. Cantu and Mr. Zamora also moved or seconded the agenda items. Mr. Zamora moved to vote on the termination of the City Attorney, Mr. Cantu seconded the vote to rescind his own and Mr. Zamora's violation of the City Charter, Mr. Zamora seconded the vote to stop funding for the City's attorneys, Mr. Cantu seconded the vote to rescind any investigation into violations of the City Charter, and lastly, Mr. Cantu moved and Mr. Zamora seconded the decision to consider hiring a new City Attorney.

At the next meeting of the City Commission on June 1, Mr. Cantu and Mr. Zamora moved and voted to replace the City Attorney with their lawyer in this case, Gilberto Hinojosa.

I do not want this appeal dismissed.'"

**FURTHER AFFIANT SAYETH NOT.**

_____
MARIA DE JESUS GARZA

**SUBSCRIBED AND SWORN TO BEFORE ME** on the ___2ND___ day of
___July_____, 2015.

_____
NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS

CINTHIA VALDEZ
Notary Public, State of Texas
My Commission Expires
September 26, 2015

3

# AFFIDAVIT OF JOE E. VEGA

STATE OF TEXAS        §
                              §

COUNTY OF CAMERON     §

**BEFORE ME**, the undersigned Notary Public, personally appeared Joe E. Vega, known to me, who being duly sworn upon his oath did depose and state as follows:

"My name is Joe Vega; I am Mayor of Port Isabel, Texas; and I am the presiding member of the Port Isabel City Commission. I am also a Defendant and Appellant in this lawsuit. I have personal knowledge of the facts contained in this affidavit, and the facts in this affidavit are all true and correct.

As part of the normal business of the City Commission, before every meeting, a notice is posted in a public place giving notice to the public when the meeting is going to be held and what the agenda items are. City Commissioners may request consideration of agenda items. As per usual, a notice was posted identifying the time and agenda for the regularly scheduled meeting for the week of April 13, 2015, which was held on Monday, instead of Tuesday, that week. Regularly scheduled meetings are set for the 2nd and 4th Tuesdays of each month but may be changed to another date by the Commission or Mayor by request. The notice for April 13, 2015 meeting included items for discussion and vote on allegations of business dealings between certain Commissioners and the City, and the resulting violation of the City Charter, specifically related to Mr. Torres, Mr. Cantu, and Mr. Zamora, three City Commissioners at that time.

The City Charter Section 2.02 prohibits City Commissioners from having business dealings or transactions with the City.

Mr. Cantu placed the item on that agenda to remove Mr. Torres, and that item was considered first. Mr. Zamora made the motion to remove Mr. Torres from office, and Mr. Cantu seconded it. That vote failed to pass. Then the next agenda items were considered, and Mr. Torres moved to remove Mr. Cantu and then Mr. Zamora for violating the City Charter, as they both have done business with the City through their respective auto repair businesses. The Commission voted by a majority that Mr. Cantu and Mr. Zamora had violated the City Charter and they were removed from their positions.

1

Mr. Cantu and Mr. Zamora obtained an order granting temporary injunction. I have appealed that Order; and I want that appeal heard and ruled on.

Using the temporary court order, the one that is appealed, Mr. Cantu then placed agenda items for the next City Commission meeting to: 1. Terminate the City Manager and the City Attorney; 2. Rescind any charges or prior Commission votes finding that Cantu and Zamora had violated the City Charter; 3. Rescind prior vote of the Commission to stop further investigation into violations of the City Charter; and 4. Revoke prior Commission vote and approval to hire outside counsel to defend the lawsuit against individual members of the Commission.

I made the following statement at the beginning of the Special Meeting they set for May 19, 2015:

> *'The City Commission previously voted to remove Commissioner Juan Jose 'JJ' Zamora and Commissioner Martin C. Cantu from office. After consulting with my counsel, I believe that this removal was lawful. That being said, a local court has entered a temporary order permitting Commissioner Zamora and Commissioner Cantu to vote at this meeting. This is only a temporary order and, based on my consultation with counsel, I am appealing it. If the Court of Appeals or Texas Supreme Court grants my appeal, Commissioner Zamora's vote will not count and everything that I anticipate will happen today will be undone. I also believe that Commissioner Cantu and Commissioner Zamora, as the persons who brought a lawsuit against the City, [have an] ethical conflict which should prohibit them from voting on matters related to that lawsuit. Any vote to remove the City Attorney or City Manager by Commissioner Zamora and Commissioner Cantu is also a violation of their ethical duty as they have a conflict of interest since these actions are designed to cause the City to abandon its right to appeal that order as well. I object to Commissioner Zamora voting on any matter and consider any vote he may make to be null and void. In relation to the items they have been placed on the agenda tonight, I believe they constitute a conflict of interest for both Commissioner Zamora and Commissioner Cantu, and I believe that if they vote on any such matter that their vote will be illegal and null and void. That being said, I am going to comply with the order of the Court and will allow Commissioner Zamora and Commissioner Cantu to participate and for them to be able to claim to vote subject to my pending appeal and objections.'*

2

Mr. Cantu and Mr. Zamora did not abstain from voting during the meeting. Mr. Cantu and Mr. Zamora also moved or seconded the agenda items. Mr. Zamora moved to vote on the termination of the City Attorney, Mr. Cantu seconded the vote to rescind his own and Mr. Zamora's violation of the City Charter, Mr. Zamora seconded the vote to stop funding for the City's attorneys, Mr. Cantu seconded the vote to rescind any investigation into violations of the City Charter, and lastly, Mr. Cantu moved and Mr. Zamora seconded the decision to consider hiring a new City Attorney.

At the next meeting of the City Commission on June 1, Mr. Cantu and Mr. Zamora moved and voted to replace the City Attorney.

I do not want this appeal dismissed.'"

**FURTHER AFFIANT SAYETH NOT.**

_____
JOE E. VEGA

**SUBSCRIBED AND SWORN TO BEFORE ME** on the _2nd_ day of _July_, 2015.

_____
NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS

LUDIVINA TORRES
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
05-12-2019

3

# Exhibit G

RECEIVED

2015-DCL-02342
10/16/2015 8:45:50 AM
Eric Garza
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk
7403388

CAUSE NO. 2015-DCL-2342

| | | |
|---|---|---|
| JUAN JOSE "J.J." ZAMORA AND | § | IN THE DISTRICT COURT |
| MARTIN C. CANTU, | § | |
| **Plaintiffs** | § | |
| VS. | § | |
| CITY OF PORT ISABEL, TEXAS, | § | 444TH JUDICIAL DISTRICT |
| MARIA DE JESUS GARZA, | § | |
| GUILLERMO TORRES, AND JOE E. | § | |
| VEGA | § | |
| **Defendants** | § | |
| | § | OF CAMERON COUNTY, TEXAS |

## ORDER ADOPTING FINDINGS OF FACT AND CONCLUSIONS OF LAW

On the 7th day of October, the Court heard the Motion to Show Authority of **HUMBERTO SILVA**, Movant and attorney for Defendants **CITY OF PORT ISABEL, TEXAS**, and City Commissioners **MARIA DE JESUS GARZA, GUILLERMO TORRES,** and **Mayor JOE E. VEGA,** In Their Official Capacities, complaining of attorneys Robert L. Collins and his associates; Michael Cowen; and Frank Perez, and the Court, after considering the evidence presented and arguments of counsel, hereby makes the following findings of fact and conclusions of law:

I.

### FINDINGS OF FACT

1. The Court further finds that the City of Port Isabel is a home rule charter municipal corporation with a City commission form of government consisting of a Mayor and four city commissioners.

2. The City charter (Section 3.05) provides the City Commission with the power to appoint a City attorney to serve at the Commission's pleasure, to receive such compensation as may be fixed by the Commission, and to represent the City in all cases pending where the City is a party.

3. The City Charter of the City of Port Isabel provides in Section 2.08 that **"the Mayor or any two members of the City Commission may call special meetings of the City Commission at any time."**

4. On May 14, two (2) City Commissioners called for a Special Meeting, and requested in a letter addressed to the City Manager and the City Secretary that an agenda be posted for the Special Meeting of the City of Port Isabel City Commission to be held on May 19, 2015.

5. The City Commission of the City of Port Isabel conducted a lawfully posted Special Meeting on May 19, 2015 where the Mayor, Joe E. Vega, and City Commissioners Juan Jose "J.J." Zamora, Martin C. Cantu, Maria de Jesus "MJ" Garza and Jeffrey David Martinez were all present and voted on some, or all of the items, listed on the agenda. The meeting was well attended by members of the public.

6. At the May 19, 2015 Special Meeting, the City Commission voted (3 in favor and 2 against) to terminate the legal services of Robert L. Collins under agenda item V.(1) **"Consideration and possible action to terminate any non-employee contractual relationship for legal services between Robert Collins, or any affiliated entity, and the City of Port Isabel, effective immediately."**

7. The Court finds that the City Commissioners that voted in favor of terminating the legal services of Robert L. Collins were dissatisfied with his services and did not have a personal or pecuniary interest in the termination of his services.

8. The Court finds that the termination of the legal services of Robert L. Collins by the City Commissioners that voted in favor was not related to any matter in which the City Commissioners had a personal interest such that they would have a conflict of interest.

9. Likewise, the Court finds that the hiring of a new City Attorney under agenda item, V. (5), ("**Consideration and possible action to appoint a city attorney.**") on May 19, 2015 was not related to any matter in which the City Commissioners that voted in favor had a personal interest such that they would have a conflict of interest.

10. The Court also finds that on June 1, 2015, at a lawfully posted Special Meeting the City Commission voted (3 votes in favor and 1 abstention) to retain the services of attorney Humberto Silva to represent the City of Port Isabel and the City Commission in their official capacity in this cause, and any pending appeals of that matter.

11. The Court finds that the hiring of attorney Humberto Silva on June 1, 2015 was not related to any matter in which the City Commissioners that voted in favor had a personal interest such that they would have a conflict of interest.

## II.

## CONCLUSIONS OF LAW

1. The Court concludes that the City of Port Isabel City Commissioners are governed by Chapter 171 of the Local Government Code. Local Government Code Chapter 171 establishes the standard for determining when a local official has a conflict of interest that would affect his or her ability to discuss, decide or vote on a particular item. Tex. Loc. Gov. Code Sec. 171.002. Chapter 171 conflict of interest provisions apply to all local public officials. Id at 171.001(1). Within a governmental unit, "local public officials" are defined to include: elected officials such as the members of the city council or county commissioners; and appointed officials who exercise responsibilities that are more than advisory in nature. Id.

2. Chapter 171 covers two main types of conflicts. Conflicts due to a local official's substantial financial interest in a "business entity" that has an issue before his or her governmental unit under Section Id at 171.002(a) or conflicts due to a local official's substantial financial interest in "real property" that would be affected by his or her governmental unit's action. Id at 171.002(b).

3. The Court concludes that the respective City of Port Isabel Council Members actions and votes upon the termination of Robert Collins as the attorney for the City of Port Isabel are not prohibited by any provision of Chapter 171 of the Local Government Code. The respective City of Port Isabel Council Members had no substantial interest nor prohibited economic effect in the actions and votes they respectively undertook to terminate Robert Collins according to Section 171.002 and 171.004.

4. The Court concludes that the City of Port Isabel's City Charter has no conflict of interest provisions which would prohibit the respective City of Port Isabel City Council Members from taking action and voting to terminate Robert Collins as the City of Port Isabel attorney.
The Court concludes that the conflict of interest laws do not prevent discussion or voting on any item where a majority of the members of a governmental body have similar conflicts of interest on the same item under Local Government Code Section 171.004(c). The Court concludes that since the majority of the City of Port Isabel City Commissioners including the Mayor of Port Isabel were parties to the instant action when the termination of Robert Collins took place, Section 171.004(c) negated any possible conflict, if any conflict existed. Loc. Gov. Code Sec. 171.004(c).

5. Accordingly, the Court concludes that the termination of Robert Collins as the City of Port Isabel attorney by the respective City of Port Isabel Council Members that voted in favor

was not a matter that involved any direct personal interest of such City of Port Isabel City Commissioners, such that the action would be void.

6. The Court further concludes that the respective City of Port Isabel Council Members actions and votes upon the hiring of Humberto Silva as the attorney for the City of Port Isabel in this cause, and in the pending appeals in the Thirteenth Court of Appeals, are not prohibited by any provision of Chapter 171 of the Local Government Code. The respective City of Port Isabel Council Members had no substantial interest nor prohibited economic effect in the actions and votes when they respectively undertook to hire Humberto Silva according to Section 171.002 and 171.004.

7. Accordingly, the Court concludes that the hiring of Humberto Silva to represent the City of Port Isabel in this cause, and in the pending appeals in the Thirteenth Court of Appeals, by the respective City of Port Isabel Commissioners that voted in favor was not a matter that involved any direct personal interest of such City of Port Isabel City Commissioners such that the action would be void.

8. The court also concludes, that pursuant to Texas Rule of Civil Procedure 12, the challenged attorneys, Robert L. Collins, Michael Cowens, and Frank E. Perez in the instant case, have the burden of proof to show that they had the requisite authority to act on behalf of the City of Port Isabel and the City Commission in their official capacity. Air Park-Dallas Zoning Comm. V. Crow-BillingsleyAirport. Ltd. 109 S.W. 3d. 900,905 (Tex. App.- Dallas 2003) no pet.

9. The Court concludes that attorneys Robert L. Collins, Michael Cowen and Frank E. Perez failed to meet their burden of proof to show that as of May 19, 2015 they had the requisite authority to represent the City of Port Isabel and the City Commission in their official capacity in this cause, and in the pending appeals of this cause in the Thirteenth Court of Appeals.

10. Finally, pursuant to the findings of facts and conclusions of law set out herein, the Court concludes, and holds, that attorney Robert L. Collins was lawfully terminated by the City Commission on May 19, 2015, and as of that date, he no longer had any authority to represent the City of Port Isabel and the City Commission, in their official capacities, in this cause, and and in the appeals of this matter currently pending in the Thirteenth Court of Appeals.

Adopted on the 21st day of October, 2015.

_____
Judge Presiding

Copy to:
ROBERT L COLLINS
AUDREY GUTHRIE
CHRISTOPHER D. LEWIS
ROBERT L. COLLINS & ASSOCIATES
P.O BOX 7726
HOUSTON, TEXAS 77270
E-MAIL: *houstonlaw2@aol.com*

FRANK E. PEREZ
FRANK E. PEREZ & ASSOCIATES
300 MEXICO BLVD.
BROWNSVILLE, TEXAS 78520
E-MAIL: *fperez@feperezandassociates.com*

MICHAEL COWEN
THE COWEN LAW GROUP
62 E. PRICE ROAD
BROWNSVILLE, TEXAS 78520
E-MAIL: *michael@cowenlaw.com*

RICARDO L. SALINAS
FLORES & SALINAS
2011 N. CONWAY
MISSION, TEXAS 78572
E-MAIL: *rsalinaslaw@yahoo.com*

HUMBERTO SILVA
LAW OFFICE OF HUMBERTO SILVA
P.O. BOX 2091
DONNA, TEXAS 78537
E-MAIL: *hsilvalaw1993@yahoo.com*

FILED 9:10 o'clock A M
**ERIC GARZA** - DISTRICT CLERK

DEC 01 2015

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____Deputy #19

# Exhibit H

CAUSE NO. 2015-DCL-02342-H

- - - - - - - - - - - - - - - - x
                                :
JUAN JOSE "JJ" ZAMORA, SR.       : IN THE DISTRICT COURT
AND MARTIN C. CANTU,             :
             Plaintiffs          :
                                :
VS.                              : 444TH JUDICIAL DISTRICT
                                :
CITY OF PORT ISABEL, TEXAS;      :
MARIA DE JESUS GARZA,            :
GUILLERMO TORRES AND             :
JOE E. VEGA,                     :
             Defendants          : CAMERON COUNTY, TEXAS
                                :
- - - - - - - - - - - - - - - - x


*******************************************************

HEARING ON
PLAINTIFFS' REQUEST FOR TEMPORARY INJUNCTION
AND DEFENDANTS' PLEA TO THE JURISDICTION

*******************************************************


On APRIL 24, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Bobby Flores, Judge Presiding, held in Brownsville, Cameron County, Texas.

Proceedings reported by computerized stenotype machine.

their business in-house. And so what the City of Port Isabel would do is they would send their vehicles -- and let me explain this carefully. They would send their vehicles to Mr. Zamora on occasion, to his business to repair, they would send their business to Mr. Cantu on occasion to repair, and they would send most of their business to Commissioner Memo Torres, who is a defendant in this case, who I think that if you look at the numbers and the testimony in this case, the amount of business that he received was multiple times more than the business that my clients received in this case.

This issue was challenged at some point by my client J. J. Zamora. He raised the issue with the city attorney and he raised the issue with the city manager and he said, "Hey, are we allowed to do this?" And they said, "As long as you abstain from the vote," which is the way it's supposed to operate.

Commissioners and city commissioners, county commissioners all across the state of Texas on occasion do business with the governmental entity that they operate under, but they're required -- work for, as an elected official, but they're required to abstain and file an affidavit. If they do that, then there isn't a problem.

Now, so what happens at this meeting is